### GERTRUDE PURCELL *vs.* WILLIAM F. ROSE.

Bristol.   October 24, 1927. — November 25, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Jury and Jurors.   Practice, Civil,* Verdict, New trial.

In the absence of an antecedent agreement among jurors considering an action, that they would be bound by a result reached by each putting down an amount he "considered the damage" and the total of such amounts being divided by twelve, a verdict thus reached cannot be said as a matter of law to have been arrived at in a manner contrary to law.

TORT for personal injuries.   Writ dated September 18, 1924.

Material proceedings at the trial in the Superior Court before *Hammond,* J., are described in the opinion.   There was a verdict for the plaintiff in the sum of $979.58.   On motion by the defendant, the verdict was set aside upon the ruling by the judge described in the opinion.   The plaintiff alleged exceptions.

*I. S. Levin, (W. M. Sullivan* with him,) for the plaintiff.
*J. B. Tracy, (F. E. Knowles* with him,) for the defendant.

BRALEY, J.   This is an action of tort for personal injuries in which the jury returned a verdict for the plaintiff in the sum of $979.58.   The presiding judge after the verdict had been reported asked, "How did you get the fifty-eight cents, Mr. Foreman?" and the foreman answered, "We all put down what we considered the damage and divided by twelve."   The judge then said, "You can't do that.   That is not the way that damages are assessed.   The jury cannot do that.   I will affirm the verdict, but I shall probably have to set it aside.   I ought to have told you that before.   It is

not the way that damages must be awarded in court." A motion of the defendant for a new trial followed "on the ground that the verdict was improperly arrived at." It was allowed because the verdict "was arrived at in a manner contrary to law," to which ruling the plaintiff excepted.

If the judge, who in the exercise of his discretion could ask the question, was of opinion that the mode of assessment was improper, the better practice would have been not to affirm the verdict, but, after suitable instructions to direct the jury to retire and consider further the measure of damages. *Dorr* v. *Fenno,* 12 Pick. 520, 524, 525. But, having ruled as matter of law that the verdict should be set aside, the question before us is whether the verdict was valid.

The verdict of a jury ought to be a deliberate conclusion of the mind of each and every juror. But there is nothing in the record showing an antecedent agreement that notwithstanding his own judgment, each juror agreed to be bound by the result reached. The amount of damages must be presumed to be the ultimate award to which each juror freely assented as the result of his own convictions and not as a compromise. We perceive no misconduct in the mode accepted, or in the final adoption of the amount as the sum of the damages. *Dorr* v. *Fenno, supra,* pages 527, 528. *Simmons* v. *Fish,* 210 Mass. 563, 570.

The exceptions must be sustained and the verdict is to stand. G. L. c. 231, § 125.

*So ordered.*