Cosimo Cerrato & another *vs.* Samuel Miller.

Franklin.    September 19, 1928. — October 8, 1928.

Present: Rugg, C.J., Pierce, Carroll, Wait, & Sanderson, JJ.

*Practice, Civil*, New trial. *Damages*, In tort, Nominal.

After the jury had returned a verdict for the plaintiff in the sum of $1 at the trial of an action of tort for damage to an automobile of the plaintiff resulting from negligence of the defendant, no error of law nor abuse of discretion appeared in the denial by the trial judge of a motion by the plaintiff for a new trial on the grounds that the verdict was against the

law, against the evidence and the weight of the evidence, and was insufficient in law, although witnesses for both the plaintiff and the defendant had testified at the trial that the automobile had sustained substantial injury.

TORT for damage to the plaintiffs' automobile resulting from a collision with an automobile of the defendant. Writ dated September 21, 1925.

At the trial of the action in the Superior Court before *Irwin,* J., there was evidence of the defendant's negligence in causing the collision. There also was evidence for the plaintiffs by witnesses of long experience with automobiles like the plaintiffs' that their automobile had sustained substantial damage, which the witnesses described, to sundry parts; that its value just before the accident was $1,200 or $1,250; that its value just after the accident was $800; and that the actual amount of the repairs exclusive of tire and paint work was $245.12. A witness for the defendant testified concerning certain damage to the plaintiffs' automobile which he observed.

The action was submitted to the jury upon a charge by the judge to which no exception was taken, and the jury found for the plaintiffs in the sum of $1.

Thereupon the plaintiffs filed a motion for a new trial on the grounds that the verdict was against the law, against the evidence and the weight of the evidence, and was insufficient in law. The motion was denied and the plaintiffs alleged an exception.

*M. J. Levy,* for the plaintiff.

*H. P. Herr,* for the defendant.

WAIT, J. The only exception is to refusal of the judge to grant the plaintiff's motion for a new trial. Such a motion is addressed to the discretion of the judge, and no exception lies unless an abuse of judicial discretion or an error of law arising in the hearing on the motion is shown. *Commonwealth* v. *Devereaux,* 257 Mass. 391. *Berggren* v. *Mutual Life Ins. Co.* 231 Mass. 173, 176. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482. Nothing to the contrary is decided by *Simmons* v. *Fish,* 210 Mass. 563, or *Purcell* v. *Rose,* 261 Mass. 431.

The finding for the plaintiff established that the accident which caused the property damage sought to be recovered was due solely to the negligence of the defendant; but it did not establish that the witnesses who testified that damage resulted in excess of $1 were trustworthy, or that they stated accurately the damage caused by the accident. The verdict for $1 is a finding that no greater amount was shown to be due by trustworthy testimony, and may well be a proper verdict, although all the witnesses testified to facts which, if believed, would prove larger damages.

No abuse of discretion is shown, and no error of law appears in refusing to rule that the verdict is inconsistent in itself, was against the evidence and the weight of the evidence, or that the damages, in law, were insufficient.

The charge was accurate, and the verdict was not against it.

*Exception overruled.*