JEREMIAH MURNANE *vs.* WILLIAM M. J. MacDONALD.

ELEONOR HARNEY *vs.* SAME.

Suffolk. March·30, 1936. — May 25, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Practice, Civil,* New trial. *Damages,* For tort.

A verdict for the plaintiff in the sum of $1, at the trial of an action of tort for personal injuries and damage to an automobile sustained in a collision between automobiles of the plaintiff and of the defendant, was not as a matter of law inadequate, and the disposition of a motion for a new trial on the ground of inadequacy of the verdict and on the grounds that it was against the evidence and the law was within the discretion of the trial judge.

Two ACTIONS OF TORT. Writs in the Superior Court dated December 29, 1930.

The actions were tried together before *Greenhalge,* J. A verdict was returned in each action for the plaintiff in the sum of $1. Motions for a new trial were denied. The plaintiffs alleged exceptions.

The cases were submitted on briefs.

*F. M. Carroll,* for the plaintiffs.

*T. H. Mahony,* for the defendant.

FIELD, J. These two actions of tort, which were tried together, arose out of a collision between an automobile owned and operated by the plaintiff Murnane and an automobile owned and operated by the defendant. The action by the plaintiff Murnane was brought to recover compensation for personal injuries sustained by him and for damage to his automobile. The other action was brought by

the plaintiff Harney to recover compensation for personal injuries sustained by her while a passenger in the automobile owned and operated by the plaintiff Murnane. In each case there was a verdict for the plaintiff in the amount of $1. Each plaintiff duly filed a motion for a new trial on the issue of damages on the grounds that the verdict was against the evidence and that the damages awarded were grossly inadequate. And each plaintiff also duly filed a motion that the entire verdict be set aside and a new trial granted on the grounds that the verdict was against the evidence, the weight of the evidence, and the law, that the damages awarded were grossly inadequate, and that the verdict was a compromise verdict. The motions were denied and the plaintiffs excepted.

No exception lies to the denial of any such motion unless it is shown that there was an abuse of discretion or an error of law on a question arising for the first time on such motion. *Cerrato* v. *Miller*, 264 Mass. 533, and cases cited. See also *Moskow* v. *Burke*, 266 Mass. 286, 290.

There was no such error of law. The verdict for the plaintiff in each case for damages in the amount of $1 was not as matter of law inconsistent with the finding for the plaintiff which such verdict imports. The nature of the accident did not as matter of law require a finding that the damages caused thereby were greater than the damages found. There was no evidence of the extent of the personal injuries sustained by the plaintiffs or of the damage to the plaintiff Murnane's automobile which the jury were required to believe, even if it was uncontradicted. And as to the extent of such personal injuries there was some conflict in the evidence. The finding of liability did not establish the complete trustworthiness of the witnesses or the accuracy of their testimony with respect to the personal injuries and property damage caused by the accident. The jury could have believed the testimony to the way in which the accident occurred without accepting as true the testimony, even of the same witnesses, to the extent of the plaintiffs' injuries and the property damage, and could have concluded that

the plaintiffs failed to establish by credible evidence that the damages caused by the accident to each plaintiff exceeded $1 in amount. See *Cerrato* v. *Miller*, 264 Mass. 533, 535. Furthermore, the record does not show any misconduct on the part of the jurors in reaching their verdicts. Compare *Wright* v. *Abbott*, 160 Mass. 395; *Purcell* v. *Rose*, 261 Mass. 431, 432. And the verdicts themselves, considered in the light of the evidence, do not show that they were reached by way of compromise and not as the result of the convictions of the jurors on the separate issues of liability and damages. See *Simmons* v. *Fish*, 210 Mass. 563, 571–572; *Purcell* v. *Rose*, 261 Mass. 431, 432.

The matter of setting aside the verdicts and granting either complete new trials or new trials on the issues of damages only, therefore, was within the discretion of the trial judge. And nothing in the record shows that he failed, either in the manner of reaching his conclusion or in the conclusion itself, to exercise sound judicial discretion in dealing with the plaintiffs' motions. Where, as here, there is no error of law on a question arising for the first time on a motion to set aside a verdict in whole or in part, a trial judge ought not to grant the motion "unless on a survey of the whole case it appears to the judicial conscience and judgment that otherwise a miscarriage of justice will result." And the decision of the trial judge on such a motion cannot be reversed on exceptions unless it appears that he failed to exercise "discriminating judgment within the bounds of reason." *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496–497. The record falls far short of showing such a failure. There was no admitted fact necessarily inconsistent with the verdicts rendered. See *Simmons* v. *Fish*, 210 Mass. 563, 571–572. Nor, on the record before us, can the distrust apparently felt by the jury concerning the evidence of damages be pronounced so irrational that it was not "within the bounds of reason" for the trial judge to permit the verdicts to stand. The "degree of credibility to be attached to the statements of anybody cannot be ruled as matter of law." See *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 501–502. Indeed the trial judge well may have thought

upon a survey of the whole case that no miscarriage of justice would result from permitting the verdicts to stand. Clearly no abuse of discretion is shown. *Cerrato* v. *Miller*, 264 Mass. 533, 535.

*Exceptions overruled.*