WILLIS C. PERRY *vs.* MANUFACTURERS NATIONAL BANK OF LYNN.

Essex.   November 12, 13, 1941. — March 27, 1944.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Practice, Civil,* New trial; Special findings by jury; Exceptions: whether error harmful; Charge to jury. *Fraud. Bills and Notes,* Alteration. *Evidence,* Presumptions and burden of proof. *Damages,* Nominal.

In an action by the maker against the payee of a collateral security note for conversion of securities pledged as collateral, no abuse of discretion appeared in the setting aside, as against the weight of the evidence, of answers of a jury to specific questions whether an alteration of the note by the payee was assented to by the maker and whether the alteration was with fraudulent intent, and of a general verdict for the maker dependent upon those answers.

No error appeared in action by a trial judge, after a trial resulting in a general verdict dependent upon the jury's answers to special questions on two decisive issues interwoven in the evidence, in setting aside both answers as well as the general verdict as against the weight of the evidence, where the evidence contrary to one of the answers was very strong while that contrary to the other answer was much less strong.

In an action in which there was a general verdict dependent on the

jury's answers to special questions on two decisive issues interwoven in the evidence, statements in writing by the trial judge, that he allowed a motion to set aside the answers "on the second ground set forth" in the motion, which was that they were "contrary to and against the weight of the evidence," and allowed a motion to set aside the general verdict "on the second ground set forth" in the motion, which was that the verdict was against the weight of the evidence, "fully" set forth the grounds of his action in compliance with G. L. (Ter. Ed.) c. 231, § 128.

At the trial of an action involving the issue, whether an alteration by the employees of the defendant, a bank, of notes given it by the plaintiff was fraudulent, an instruction to the jury, "In determining the character of the quality of the action of the defendant's employees in altering the notes in question, the jury are to keep in mind that every presumption of the law is in favor of honesty and good faith," disclosed no harmful error, where the record showed that the question of fraud was left to the jury as one of fact, and that the judge gave "other instructions as to fraud [not set forth in the record] which were not excepted to by either party."

In an action by the maker against the payee of a collateral security note for conversion of the collateral, where the plaintiff contended that the note was fraudulently altered by the defendant, there was no presumption either of fraud or of honesty and good faith; the burden of proving the conversion alleged rested upon the plaintiff throughout, including the burden of proving fraud in so far as he relied upon fraud as part of his case.

In an action where the plaintiff's contention as to damages throughout the trial was that they should be substantial, his exception to an instruction to the jury which he contended deprived him of a possible verdict for nominal damages on a theory which he had not advanced at the trial was overruled.

TORT. Writ in the Superior Court dated June 4, 1936.

The case previously was before this court on exceptions by the plaintiff after a trial before *Morton*, J., and is reported in 305 Mass. 368.

There was a second trial before *Donahue*, J., and a third trial before *Giles*, J.

The "second ground set forth" in the motion by the defendant at the trial before *Donahue*, J., to vacate and set aside the jury's answers to the special questions was "Because the said answers are against and contrary to the weight of the evidence." The judge stated in writing that he allowed the motion "on the second ground set forth therein." The second ground set forth in the motion for a new trial was "Because the said verdict is against the weight of

evidence." The judge stated in writing that he allowed that motion "on the second ground alleged therein."

The charge to the jury at the last trial was not fully set forth in the record.

*C. F. Lovejoy*, for the plaintiff.

*J. W. Sullivan*, (*J. J. Leonard* with him,) for the defendant.

QUA, J. This is an action for conversion of shares of stock pledged at the defendant bank as collateral for loans to the plaintiff evidenced by promissory notes payable on demand. When the notes were not paid on demand the defendant purported to sell the collateral to itself and credited its then value against the notes, leaving a substantial unpaid balance due on the notes. This was the alleged conversion.

When the case was here before (*Perry* v. *Manufacturers National Bank*, 305 Mass. 368), we held that when the defendant's note teller drew a pencil line through the figure "5," which designated the interest payable on each note, and inserted in pencil the figure "6," he made a material alteration of the notes (G. L. [Ter. Ed.] c. 107, §§ 147, 148), but that such alteration would not avoid the notes as to the plaintiff if he assented thereto, and that even if he did not assent, although the notes would be avoided, the alteration would not "presumptively cancel or extinguish the debt" for which the notes were given or deprive the defendant of the benefit of its security, unless it was made fraudulently (page 371). We further held that upon the evidence the issues whether the plaintiff assented to the alteration and whether it was made fraudulently were for the jury, and we sustained the plaintiff's exception to the direction of a verdict for the defendant.

Since the case was here it has been retried twice in the Superior Court. The first of these retrials resulted in a verdict for the plaintiff, which was set aside by the judge as against the weight of the evidence. The second retrial resulted in a verdict for the defendant. The case now comes to us again on four bills of exceptions, one by each party growing out of each retrial. The plaintiff's exceptions growing out of the first retrial are to the setting aside of

answers of the jury to specific questions and to the setting aside of the verdict for the plaintiff, which had been directed by the judge in consequence of the answers, and to the judge's refusal to grant certain requests for rulings in connection with the motions to set aside the answers and the verdict. To questions whether the plaintiff had assented to the alteration of each of the notes the jury had answered "No," and to questions whether the defendant had altered each note with fraudulent intent the jury had answered "Yes."

There was no error in these matters. It is doubtful whether any rule of practice has been more frequently stated than the general rule that the granting or refusal of a new trial on the ground that the verdict is against the weight of the evidence rests in the discretion of the judge. To attempt to collect the cases would be a waste of effort. In some of them occurs the unqualified statement that the action of the judge cannot be reviewed on exceptions. See, for example, *Goodyear Park Co.* v. *Holyoke*, 298 Mass. 510, 512, and cases cited. This statement is sufficiently accurate where no peculiar circumstances appear. Other cases recognize the possibility that abuse of discretion or some error of law occurring on some question arising for the first time on the motion might support an exception. *Cerrato* v. *Miller*, 264 Mass. 533. *Skudris* v. *Williams*, 287 Mass. 568. *Murnane* v. *MacDonald*, 294 Mass. 372. *Kinnear* v. *General Mills, Inc.* 308 Mass. 344, 348–349. Discretion has been defined in general terms. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496–497. *Long* v. *George*, 296 Mass. 574, 578–579. There was no abuse of discretion and there was no error of law in dealing with any question arising for the first time on the motions. There was evidence both ways on the two questions of fact submitted to the jury. There was very strong evidence that the pencil markings on the notes were made merely as a convenience with no intent to defraud, and that they were altogether innocent and harmless. The case of *Wheelock* v. *Freeman*, 13 Pick. 165, is in no wise controlling. That case was distinguished when this case

was here before. 305 Mass. 368, at page 372. The evidence that the plaintiff assented to the alterations was much less strong, but the judge was not obliged to let the jury's answer on that point stand when he set aside the answer on the issue of fraud and the verdict as a whole. There was but a single verdict, and both answers entered into it. *Thurlow* v. *Welch*, 305 Mass. 220, 222. The two issues were interwoven in the evidence. The judge may have lost confidence in all that the jury did. We cannot say that there was error of law in not allowing part of the verdict to stand. *Simmons* v. *Fish*, 210 Mass. 563. *Bothwell* v. *Boston Elevated Railway*, 215 Mass. 467, 474. *Merrick* v. *Betts*, 217 Mass. 502. *Tildsley* v. *Boston Elevated Railway*, 224 Mass. 117. *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31, 33. *Barnett* v. *Loud*, 243 Mass. 510, 515. *Macchiaroli* v. *Howell*, 294 Mass. 144, 147. *Murnane* v. *MacDonald*, 294 Mass. 372, 374. In *Welsh* v. *Milton Water Co.* 200 Mass. 409, it was held that upon the setting aside of a verdict special findings, whether mentioned by the judge or not, will fall with it. The plaintiff's requests for rulings in connection with the setting aside of the verdict and the findings raised no questions beyond those just discussed that could not have been raised at the trial. *Commonwealth* v. *Millen*, 290 Mass. 406, 408. The statement by the judge that he allowed the motion for new trial on a specified ground set forth therein was a compliance with the requirements of G. L. (Ter. Ed.) c. 231, § 128. *Anti* v. *Boston Elevated Railway*, 247 Mass. 1, 4–5. *Coughlan* v. *McGarvey*, 267 Mass. 49, 52. The case before us differs from *Wright* v. *Apikian*, 270 Mass. 302, where there were two separate actions and two separate verdicts.

Since there was no error in setting aside the verdict returned at the first retrial, that trial went for naught, and we are not now concerned with any possible errors in the manner in which it was conducted. *Nagle* v. *Driver*, 256 Mass. 537, 539. *Thurlow* v. *Welch*, 305 Mass. 220, 223.

At the second retrial the plaintiff excepted to an instruction to the jury that "In determining the character of the quality of the action of the defendant's employees in alter-

ing the notes in question, the jury are to keep in mind that every presumption of the law is in favor of honesty and good faith." This was not error. The jury could not have understood this to mean that there was a presumption which somehow bound them to find that the alteration of the notes was not fraudulent. It plainly appears that the question of fraud was left to them as one of fact. It is stated in the bill of exceptions that the court gave "other instructions as to fraud which were not excepted to by either party." We must assume that these instructions were adequate and correct. And there was no presumption "just the contrary," as the plaintiff contends, that is, that the alteration *was* fraudulent. There was no true presumption either way on the question of fraud, and the burden of proving the conversion alleged rested upon the plaintiff throughout, including the burden of proving fraud in so far as he relied upon fraud as part of his case. See *Ely* v. *Ely,* 6 Gray, 439; *New England Grape Co.* v. *Fidelity & Deposit Co. of Maryland,* 268 Mass. 298, 303–304; *Mindell* v. *Goldman,* 309 Mass. 472; Wigmore on Evidence (3d ed.) § 2525; Williston on Contracts (Rev. ed.) §§ 1916, 1917. If the instruction was not exactly accurate in its phraseology, it was at least harmless as applied to this case. Similar expressions are frequently found in judicial decisions. *Spiegel* v. *Beacon Participations, Inc.* 297 Mass. 398, 416–417, and cases cited. *Kerrigan* v. *Fortunato,* 304 Mass. 617, 620.

The plaintiff also excepted to instructions requested by the defendant and given by the judge at the second retrial that if the jury found that "the alterations were merely negligently made without any intent to defraud," or that "the employees of the bank merely exercised bad judgment in making the markings and alterations upon the notes without any intent to defraud," the plaintiff could not recover. The plaintiff now contends that the conclusion in these rulings that the plaintiff could not recover was error because if the plaintiff had not assented to the alteration and therefore, even if there was no fraud, the notes themselves were avoided and the defendant was obliged to

rely upon the original debts for which the notes were given, as explained in the former opinion, 305 Mass. 368, at page 371, the plaintiff could recover at least nominal damages as for a technical conversion when the defendant demanded more than was due to it on the original debts by insisting upon six per cent interest instead of the original five, when it purported to apply the proceeds of the collateral to the avoided notes themselves instead of to the original debts, and when it sold the collateral to itself — a thing which the plaintiff says it could not do except for the express authority conferred upon it by the terms of the notes which the argument supposes to have been avoided. See *Lord* v. *Hartford,* 175 Mass. 320, 324; *Seder* v. *Gould,* 274 Mass. 223, 227. On this theory recoverable damages could in no event be more than nominal, since the auditor's finding was uncontradicted that the stocks were applied to the notes at full market value and still left a substantial unpaid balance. It is plain, therefore, that the plaintiff's account at the bank was under water, and that, if the alterations were not fraudulently made, the plaintiff had only a nominal or technical interest in the stocks at the time of the alleged conversion. *Perry* v. *Manufacturers National Bank,* 305 Mass. 368, 372, and cases cited.

We think that these exceptions ought not to be sustained, whether or not the plaintiff's theory is sound. The jury were plainly told that the questions for them were (1) whether the plaintiff assented to the alterations and (2) whether the alterations were made with fraudulent intent. No exceptions were taken to these instructions. These were the questions that had been previously litigated in the case and were indicated by our former opinion as the crucial issues. No doubt the trial had revolved about them. The instructions excepted to were directed to one of these issues, the issue of fraud, and were doubtless designed primarily to point out to the jury under what circumstances the alterations might have been made without fraudulent intent. Thus in the mind of the judge the emphasis may well have rested upon the first clause of each of these instructions rather than upon the conclu-

sion in each that the plaintiff could not recover — a conclusion which it may have been assumed would follow from the absence of any form of fraud.  There is nothing to show that the judge's attention was called to a chain of reasoning which, if sound, might possibly lead to a verdict for the plaintiff of $1 and so render the concluding part of these instructions technically wrong.  From the beginning of this litigation the plaintiff had been claiming very substantial damages.  A full development of the plaintiff's present contention would have involved serious questions of law and might well also have discovered questions of fact other than those which, without exception by the plaintiff, the judge had given to the jury as decisive of the case. In these circumstances the plaintiff, who at a trial conducted without other error failed to establish his substantial claim, ought not to be allowed to try his case all over again merely on the ground that an instruction to the jury neglected to leave room for nominal damages, where he does not show that the precise point was adequately and seasonably called to the attention of the presiding judge, so that it could have been dealt with at the trial.  *Barker* v. *Loring*, 177 Mass. 389.  *Robbins* v. *Stoughton Mills*, 183 Mass. 86. *Brown* v. *Brown*, 208 Mass. 290. *Anderson* v. *Beacon Oil Co.* 281 Mass. 108.  *Rezendes* v. *Prudential Ins. Co.* 285 Mass. 505, 515.  *Rothwell* v. *First National Bank*, 286 Mass. 417, 422.  *McKay* v. *Polep*, 311 Mass. 567, 571.

The defendant's exceptions, taken at both retrials, are to be waived if all the plaintiff's exceptions are overruled.

*All exceptions of plaintiff overruled.*
*All exceptions of defendant waived.*