DORA MORAN & another *vs.* PIERONI, INC.

Suffolk.   November 6, 1950. — December 1, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Practice, Civil,* New trial, Damages, Judicial discretion.   *Damages,* For
tort.

No abuse of discretion was shown in the denial of a motion for a new
trial of an action for personal injuries on the ground of inadequacy of
damages in the sum of $252 awarded the plaintiff, who suffered a
broken leg.

TORT.   Writ in the Superior Court dated November 14,
1946.

The action was tried before *Burns, J.*

*G. L. Rabb,* (*C. P. Huse, Jr.*, with him,) for the plaintiff.

*W. I. Badger, Jr.*, for the defendant.

WILKINS, J. The plaintiff, a patron in the defendant's restaurant, was hurt in a fall on a stairway on November 4, 1946. The jury returned a verdict for her in the amount of $252. On a count by her husband for consequential damages there was a verdict for $500. The husband's case has gone to judgment, and the judgment has been satisfied. The plaintiff's exceptions are to the denial of her motion for a new trial on the ground that the damages were inadequate.

The pertinent principles have often been stated. No valid exception lies to the denial of a motion for a new trial unless it is shown that there was an abuse of discretion or an error of law on a question arising for the first time on the motion. The amount of damages is not such a question of law. This court may find abuse of discretion by a trial judge only by deciding "that no conscientious judge, acting intelligently, could honestly have taken the view expressed by him." *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 502. *Murnane* v. *MacDonald*, 294 Mass. 372. *Palma* v. *Racz*, 302 Mass. 249. *Perry* v. *Manufacturers National Bank*, 315 Mass. 653, 656. *Bartley* v. *Phillips*, 317 Mass. 35, 43. *Hartmann* v. *Boston Herald-Traveler Corp.* 323 Mass. 56, 60–61.

The defendant in its brief concedes that the plaintiff suffered a broken leg. This appeared in the reports of two hospitals which were admitted in evidence. One report showed that the plaintiff was a patient from November 4 to 11, 1946, and the other that she was a patient from November 11 to 19, 1946. According to the second report there was a comminuted fracture of the right tibia and fibula, lower third. Dr. Louis, called by the defendant, testified that he examined the plaintiff on October 6, 1947; and that in his opinion her disability due to the injury "would be" about five months. This and other testimony from him and from other witnesses called by the plaintiff the jury were not required to accept as describing any condition caused

by the accident. *Cerrato* v. *Miller*, 264 Mass. 533. Were it open to us to do, we might not find that the plaintiff's damages, aside from the sum awarded her husband, were in what seems the relatively small amount awarded here. Nevertheless, under the authority of our numerous decisions rendered over a period of many years, we cannot say that the denial of the motion could not have been the honest act of a conscientious judge acting intelligently.

*Exceptions overruled..*