BOSTON SAFE DEPOSIT AND TRUST COMPANY vs. HEGGIE CORPORATION & others. SAME vs. GORDON H. HARNUM. November 2, 1954. Exceptions overruled. These two actions for damage by fire and smoke to the plaintiff's

building were tried together. In the first action there are two counts in tort and one in contract. The tort counts against the defendant Heggie Corporation and the defendant Rutledge, respectively, are for negligence in removing a steel storage tank from the basement. The contract count is for breach of contract by Heggie Corporation in the same operation. The second action is in tort against the defendant Harnum for negligence in removing the tank. There were verdicts for the defendants. The plaintiff's only exception in each case is to the denial of its motion for a new trial which was based on the grounds that the verdicts respectively were against the law, against the evidence, and against the weight of the evidence. In the denial of the motions there was no abuse of discretion, much less an abuse of discretion amounting to error of law. These are not among those exceedingly rare instances where the judge's action can be disturbed. *Bresnahan* v. *Proman*, 312 Mass. 97, 101–102. *Hartmann* v. *Boston Herald-Traveler Corp.* 323 Mass. 56, 59–61. *Moran* v. *Pieroni, Inc.* 326 Mass. 516–517. *Daddario* v. *Gloucester*, 329 Mass. 297, 301.

The cases were submitted on briefs.

*Harold J. Field & Frank P. Hurley*, for the plaintiff.

*Charles W. O'Brien*, for the defendant Heggie Corporation.

*Rupert L. Mapplebeck*, for the defendants Harnum and another.