*Municipal Court of the City of Boston*

No. 342129

## FRANKLIN APARTMENTS, INC.

v.

## ROYAL FIRE DOOR CO., INC.

(November 19, 1954)

*Adlow, C. J.* Action to recover damages for breach of warranty in sale by Royal Fire Door Co., Inc., to Franklin Apartments, Inc., of 138 fire doors. In the original agreement of sale it was provided that "said doors to be equal to the standards of Kalamein "C" fire doors bearing labels of the Board of Fire Underwriters at a price of eighteen and 75/100 ($18.75) dollars per door, to be installed by the plaintiff in certain multiple apartment buildings then being constructed by the plaintiff under financing arrangements with the Federal Housing Authority".

The first deliveries under the agreement of sale were made in August, 1949, the last in January, 1950, the doors being delivered as they were required at the housing project.

In December, 1950, it was learned that five or six of the doors delivered under the above agreement had buckled, and the President of the Franklin Apartments, Inc., notified the Treasurer of the defendant corporation of said fact. In April, 1951, he again notified the defendant that 25 doors had buckled and called upon it to do something to remedy the condition. The Treasurer of the defendant corporation said that at the first opportunity he would call and arrange to fix the doors. In September, 1951, the defendant was notified that 30 doors had buckled. By December, 1951, over one-hundred doors had buckled. In March, 1952, 130 doors had buckled and had been repaired. At the time of the trial all remaining doors sold under the original agreement had buckled. At no time did the defendant do anything about repairing the damage done by the buckling of the doors.

There was a finding for the plaintiff in the amount of $1776.00 which finding was later corrected by the court on the motion of the defendant, to $1,656.00. (Lewiton, J.)

The defendant filed a motion for a new trial alleging therein that (1) the finding for the plaintiff is against the law; (2) the finding for the plaintiff is against the evidence; (3) the finding for the plaintiff is against the weight of the evidence; (4) the damages given to the plaintiff are excessive.

At the hearing of the motion for a new trial the defendant submitted requests for rulings to the following effect:

1. If the court finds that the plaintiff ordered and received over 100 doors from the defendant and only notified the defendant that 30 doors were defective then the plaintiff can recover damage to 30 doors only.

2. There was no evidence at the trial to show that the plaintiff had ever notified the defendant that more than 30 doors were defective.

3. Inasmuch as the only evidence of notice to the defendant was that 30 doors were defective, the defendant cannot recover for damage to more than 30 doors.

The court denied the motion for a new trial and *declined to pass on the Requests for Rulings* submitted at the hearing thereon.

There was no error in the refusal of the court to consider the requests for rulings on the motion for a new trial. All of the rulings of law requested by the defendant were pertinent to the issues raised by the pleadings and the evidence in the original trial, and would have commanded our attention if they had been presented then. Not having been presented at that time, they cannot be brought in issue for the first time at a hearing on a motion for a new trial. *Hathaway v. Checker Taxi Co.*, 321 Mass. 406, 412; *Nussenbaum v. Chambers and Chambers Co.*, 322 Mass. 419, 425; *Daddario v. City of Gloucester*, 329 Mass. 297, 301.

Nor is the defendant in any better position with respect to the court's denial of its motion for a new trial. The disposition of this motion rested in the sound discretion of the judge to whom it was addressed. Unless clear abuse of this discretion is revealed, and such does not appear here, the court's disposition of same will not be disturbed. *Murnane v. McDonald*, 294 Mass. 372; *Kinnear v. General Mills, Inc.*, 308 Mass. 344, 348; *Nussenbaum v. Chambers and Chambers Co.*, 322 Mass. 419, 425; *Hartmann v. Boston Herald-Traveler Corp.*, 323 Mass. 56, 61.

*Report Dismissed.*

Henry N. Silk, for the plaintiff.
Marvin H. Margolies, for the defendant.