*Northern Division*

No. 6058

**RAYMOND J. VOLPI**

v.

**ALEXANDER P. ROWE**

54

*Present:* Brooks, P. J., Parker & Yesley, JJ.

Case tried to *Farley, J.* in the First District Court of Southern Middlesex (Framingham). No. 9727R.

*Parker, J.* In this action of contract, the plaintiff seeks the return of a deposit of $500.00 made by him in connection with a written "Proposal to Purchase" certain real estate from the defendant if the defendant was willing to accept $41,000.00 for it. The proposal was dated 25 September 1961 and further provided that the plaintiff would pay "10% of the purchase price on signing of agreement and further would pay $3,000.00

on passing of papers and balance either by assuming the mortgage or by procuring a new mortgage on the premises. The "Proposal to Purchase" also stated that in case "the owner is not willing to accept the amount and terms as outlined above my deposit is to be returned".

The report does not show that the plaintiff testified, but his wife testified that the only contingency of the agreement was that the plaintiff obtain a mortgage of $28,000.00 or for 70%, and that the defendant had agreed to take a second mortgage. There was evidence that a Savings Bank had informed the broker that it would take a mortgage of $28,800.00 and that defendant also testified to this effect. There was no specific evidence that an application was made to any lending institution for a mortgage of $28,000.00 or for 70%. The defendant was notified in November that the plaintiff wanted his deposit returned because he could not raise the necessary mortgage. At the time of the trial, 4 October 1962, the plaintiff was not willing to complete the sale because he had purchased another house.

The court found for the plaintiff for $500.00. The defendant filed a motion for a new trial on the ground that the finding was against the evidence, against the weight of the evidence, and against the law. The motion after hearing was denied.

The report states that the case is reported, "the defendant claiming to be aggrieved by

the finding for the plaintiff and by the denial of the motion for a new trial."

The report contains no requests for rulings filed by the appellant or appellee either at the time of trial or at the hearing on the motion for a new trial. G. L. c. 231, §108 (third paragraph) sets forth the rights of an aggrieved party in a civil proceeding brought in the District Court. It reads as follows:

"Any party to a cause brought . . . . . in any . . . . . district court . . . . . aggrieved by any ruling on a matter of law by a single justice, may as of right, have the ruling reported for determination by the Appellate Division . . . . . ."

The docket shows that on 8 October 1962 the trial court found for the plaintiff in the sum of $500.00 and that on 11 October 1962 the defendant filed a motion for new trial. There was a hearing on this motion on 26 October 1962, and on 30 November 1962 this motion was denied by the court and notice given to counsel. On 5 December 1962, the defendant filed a claim of report and on 8 December 1962 a draft report.

The docket fails to show that the defendant filed a request for a report with the Clerk within five (5) days of the notice of the decision in favor of the plaintiff rendered on 8 October 1962 as is required by G. L. c. 231, §103 third paragraph and by the then existing rule 27 of the District Courts. The docket only shows that he filed a motion for new trial. Accordingly, the

actions of the trial court in the trial of the case are not before us.

After the denial of the motion for a new trial on 30 November 1962, the defendant did file a claim for a report within five (5) days as provided by G. L. c. 231, §108 and did file his draft report as required by the then existing Rule 28 of the Rules of the District Courts. Subsequent thereto hearings were held on the draft report and the report was allowed by the trial justice on 3 February 1965. Accordingly, the only question before us is whether there was error in the denial by the trial court of defendant's motion for a new trial even though the report states that the defendant is "claiming to be aggrieved by the finding for the plaintiff and by the denial of the motion for a new trial."

The wording of G. L. c. 231, §108 does not give any right to a party to appeal on a finding but only on "a ruling on a matter of law". The report presents no ruling requested by the defendant and, needless to say, no ruling on a matter of law. At the most, the report shows only a mixed question of fact with implied applications of law. The defendant, never, by requests for rulings of law, raised any point of law for the judge to rule on. By failing to do so, we have no ruling on a matter of law raised by the report. *Sreda v. Kessel,* 310 Mass. 588, 589.

 The defendant in his report also claims to be aggrieved by the denial of his motion for a new trial on the grounds that

"the finding was against the evidence, against the weight of the evidence, and against the law." Rule 26 of the District Courts in effect at the time of the filing of this motion, 11 October 1962, provided as follows: "A new trial may be granted at any time before final judgment for newly discovered evidence or for mistake of law injuriously affecting the substantial rights of the moving party". See also G. L. c. 231, §129.

The motion states no newly discovered evidence. A new trial is not required when it only asks the court to rehear the evidence already presented. *Bartley v. Phillips,* 317 Mass. 35.

With the motion for new trial, no requests for rulings of law were presented to the court and so no specific allegations as to in what respects the "findings" of the court were "against the law" were brought to the attention of the court for it to pass upon in considering the motion.

The granting of a motion for new trial is discretionary with the court. *Cerrato v. Miller,* 264 Mass. 533.

The court's action on such a motion can only be reversed if the court has abused its discretion. *Menici v. Orton Crane & Shovel Co.,* 285 Mass. 499, 502; *Cerrato v. Miller,* supra.

An abuse of discretion consists of a judicial action that no conscientious judge intelligently could honestly have taken. *Bartley v. Phillips,*

supra; *Shockett v. Akeson,* 310 Mass. 289, 292; *Palma v. Racz,* 302 Mass. 249, 250.

On the report, it appears that the court could have found that the "Proposal to Purchase" was not accepted by the defendant before it was withdrawn by the plaintiff. He was not required to believe the evidence of the plaintiff's wife even if it was uncontradicted and the same would apply to the evidence of the broker and the defendant. *Perry v. Hanover,* 314 Mass. 167, 170.

The report does not state by whom these witnesses were called so that the exception stated in that case does not apply.

The defendant in his brief and in his argument did not allege that there was an abuse of judicial discretion by the court in the denial of his motion for new trial. His brief and argument are directed to the point that the evidence did not warrant a finding "that the plaintiff had made reasonable efforts" to obtain a mortgage of $28,000.00.

This point was available to the defendant at the trial and could have been raised by a request for ruling to this effect. *Morse v. Homer's, Inc.,* 295 Mass. 606, 607.

On a motion for a new trial, the court need not rule on matters which could have been raised at the trial. *Kennedy v. Currier,* 293 Mass. 435, 439; *Bartley v. Phillips,* supra.

The report shows no abuse of judicial discretion by the court and further, that the

defendant does not raise by argument or in his brief that there was.

*We find no error and the report will be dismissed.*

Lowell Spaulding for the Plaintiff.

Thomas Wood Hoag for the Defendant.