*Western District*
No. 202022

## BONDSVILLE REALTY, INC.

### v.

## DIAMOND INTERNATIONAL CORPORATION

Argued: June 18, 1970 - Decided: June 23, 1970

*Present:* Garvey, P.J., Levine, and Dudley, J.J.
Case tried to *Sloan, J.,* in the District Court of
Springfield No. 202022.

**Dudley, J.** This is an action of contract to recover for the cost of electrical power consumed over a ten year period, by a motor used to operate an elevator from the basement to the fifth floor in a building owned by the plaintiff, the fifth floor having been leased to the defendant.

The defendant filed an answer of general denial and specifically denied any agreement to pay for the electric power consumed in operating the elevator.

The plaintiff claimed that the defendant was, under the terms of its lease, obligated to pay for electrical power consumed by an elevator in the building which the defendant was a tenant.

The plaintiff seasonably filed eleven requests for rulings all of which were allowed except request No. 2 "Upon all the evidence there should be a finding for the plaintiff," which was denied as not conforming to Rule 27 of the District Courts (1965). No specifications were included in the request for ruling #2 as filed.

Neither the trial judge nor the Appellate Division is required to consider a request, not accompanied by specifications, that upon all the evidence a finding in favor of the requesting party is required. *Okin* v. *Sullivan*, 307 Mass. 227, 228. *Sokoloski* v. *Splann*, 311 Mass. 203, 205, 206.

The court made a general finding for the defendant and made special findings of fact that

"there was no agreement, oral or written, expressed or implied between the plaintiff and defendant that the defendant was to pay the plaintiff for electricity consumed by an electric motor operating. an elevator of the plaintiff," and that "the elevator in question was used by various tenants of the plaintiff."

The plaintiff did not file any request for a report to the Appellate Division on the treatment by the court of its requests for rulings.

The plaintiff seasonably filed a motion for a new trial "on the grounds that there has been a mistake of law injuriously affecting the substantial rights of the plaintiff."

In the motion for new trial the plaintiff, in its second paragraph, contends that the switch for controlling the motor which ran the elevator in question, was in the exclusive control of the defendant since the switch was in that part of the premises leased to the defendant and consequently that the defendant was obligated to pay for the power consumed by that elevator.

The lease under which both parties claimed was in evidence and after a study of the same and after hearing the witnesses and examining the evidence the court found as a fact that the lease did not require the defendant to pay for power used by the elevator in question and further found as a fact that the elevator was used by other tenants of the plaintiff as well as by the defendant.

The lease in question was made a part of the report.

The plaintiff in its motion for new trial also contended that there was "a complete failure of impartial justice" due to the fact that the decision of the court was handed down four months and two days after hearing on the merits was concluded.

After hearing on the motion for new trial the court denied the motion and promptly notified the parties to that effect.

The plaintiff claims to be aggrieved by the denial of its motion for new trial.

A motion for a new trial may be filed, as of right, only when sought for a mistake of law or for newly discovered evidence. *Commonwealth* v. *Polian,* 288 Mass. 494, 501. *Graustein, Petitioner,* 305 Mass 571. But a judge may grant a new trial where a motion therefor could not be made as of right. *McKinley* v. *Warren,* 218 Mass. 310. *Bartley* v. *Philips,* 317 Mass. 35, 39. As far as the report discloses, no new evidence was offered at the hearing on the motion for new trial and the motion was argued on the theory of "mistake of law."

A tribunal can not ordinarily be required to reconsider upon the same evidence its decision of fact or law. *Nerbonne* v. *NE Steamship Co.,* 288 Mass. 508, 510. *Peterson* v. *Hopson,* 306 Mass. 597, 599 et seq.

Whether a new trial should be granted or denied is within the discretion of the trial

judge. *Kinnear* v. *General Mills,* 308 Mass. 344, 348. *Herrick* v. *Waite,* 224 Mass. 415, 418. *McKin* v. *Siegel,* 256 Mass. 269, 270. *Perry* v. *Mfgrs. Nat. Bank.,* 315 Mass. 653, 656.

It does not follow that the decision of the trial judge in granting or denying a new trial will be upheld in all cases or that his discretion is absolute, because the discretion which the trial judge is given in such matters is not an arbitrary discretion but is a sound judicial discretion. *Simmons* v. *Fish,* 210 Mass. 563, 572. *Bartley* v. *Philips,* 317 Mass. 35, 42. The decision of the trial judge will therefore be set aside if it constitutes, under the circumstances, an abuse of discretion. *Vengrow* v. *Grimes,* 274 Mass. 278, 280. *Palma* v. *Racz,* 302 Mass. 249, 250.

The decision of the trial judge may also be upset if he commits an error of law. *Davis* v. *Boston Elevated,* 235 Mass. 482, 496. Also, his decision in denying a motion for new trial will be reversed, if upon a survey of the whole case, manifest injustice will result unless the denial is reversed. *Nicholas* v. *Lewis Furniture,* 292 Mass. 500. Where the disposition of a motion for new trial is made as a matter of discretion and no requests for rulings are passed on, a request for report does not lie to the decision of the trial judge, unless a clear abuse of discretion is shown. *Daddario* v. *Gloucester,* 329 Mass. 297.

An "abuse of discretion" consists of

judicial action that no conscientious judge, acting intelligently, could honestly have taken. *Bartley* v. *Philips,* 317 Mass. 35.

The exercise of discretion, where discretion exists, is not subject to appellate review on a report from a District Court. Only where a question, ordinarily discretionary, is so clear that discretion is superseded by imperative legal duty can the result be revised.

The field of discretion of the trial judge in these matters is very broad. Only in rare instances can it be ruled that there has been an abuse of discretion amounting to an error of law. *Bartley* v. *Philips,* 317 Mass. 35, 44 and cases cited. *Morin* v. *Pieroni,* 326 Mass. 516, 517.

█ If a party desires to raise the question of law as to the sufficiency of evidence to support a finding, he must raise the question by a request for ruling and to get the question before the Appellate Division, he must request a report of the ruling. *Reid* v. *Doherty,* 273 Mass. 388.

█ It is commonplace in practise that a judge need not consider, on a motion for new trial, questions of law which were, or could have been raised at the trial. *Kelley* v. *Jordan Marsh,* 278 Mass. 101, 109. *Commonwealth* v. *Osman,* 284 Mass. 421, 426. *Mantho* v. *Nelson,* 285 Mass. 156, 158.

In this case the question of law as to the sufficiency of evidence to support a finding could have been raised by request for ruling accom-

panied by specifications as required by Rule # 27 of the District Courts. This was not done.

Unless there has been an abuse of discretion or error of law, Appellate Review is limited to questions of law. There can be no review of a question of fact or discretion. *MacDonald* v. *Adamian,* 294 Mass. 187, 190. *Bartley* v. *Philips,* 317 Mass. 35, 42. The Appellate Court is not an arbiter of facts. *Dubois* v. *Atlantic Corp.,* 322 Mass. 512, 522.

The motion for new trial is so drawn in its second paragraph as to indicate that the plaintiff is attempting to argue its case again on the facts and in the absence of new evidence this is inappropriate. *Narborne* v. *NE Steamship Co.,* 288 Mass. 508, 510.

The plaintiff, as a ground for the granting of a new trial, contends that due to a delay in filing its decision for a period of four months and two days after completion of hearings "there has been a complete failure of impartial justice." This Division finds no failure of impartial justice in this case. The trial judge took 108 pages of notes at the hearing on the merits and there is no evidence or indication of any evidence that the trial judge was not fully informed and fully cognizant of the facts at the time when he wrote his decision.

G.L. c. 220, § 14A which requires a decision to be rendered within four months of the time of hearing unless extended as therein provided, is a regulation for orderly and convenient con-

duct of public business and not a condition precedent to the validity of the act done and does not operate to impose a jurisdictional condition subsequent. The purpose of this statute is for disciplinary action in case a judge prolongs a hearing and does not render void a late finding. *Kerr* v. *Palmieri,* 325 Mass. 554.

We find no abuse of discretion and no error of law on the part of the trial judge in denying the motion for new trial.

Accordingly the **report will be dismissed.**