*Northern District*
No. 8226.

### JUSTIN ALTSCHULER
v.
### BOSTON HARBOR MARINA, INC.

Argued: May 30, 1974 - Decided: Sept. 13, 1974

Case tried to *Doyle, J.* in the District Court of Newton, No. 19952.

*Present:* Forte, J. (Presiding) and Bacigalupo, J.

**Bacigalupo, J.** In this action in tort commenced by writ dated July 1, 1968, the trial court defaulted the defendant, assessed damages in the amount of $6,800. for his negligence in repairing a certain cabin-cruiser owned by the plaintiff and in depriving the plaintiff of its use, denied a motion to remove the default and denied the defendant's motion for a new trial.

From the denial of its motion for a new trial the defendant claimed to be aggrieved and seasonably claimed a report to this Division.

The report of the trial judge sets forth in great detail the testimony of witnesses who were heard in connection with the motions to remove the default and for a new trial. We summarize so much of this evidence as we deem material to the consideration of the questions before us which are as follows:

1. Was the denial of the motion for a new trial error as a matter of law?
2. Did the court abuse its discretion in the denial of the motion for a new trial?

We answer both questions in the negative.

On September 25, 1973, all parties were present at the Newton Court ready for trial. For reasons, not set forth in the report, the assigned trial judge disqualified himself and sent the parties to the clerk's office to arrange for a special assignment for the trial of the case. Present at the conference with the clerk were the plaintiff, his two attorneys and the attorney who was representing the defendant.

On November 19, 1973, the case was called for trial but no one appeared in behalf of the defendant. The court called the Clerk of Court who informed the court that after numerous continuances he had specially assigned the case for trial for November 19, 1973, and that he had so informed all counsel. The defendant was defaulted and the assessment of damages commenced.

The report indicates that the attorney who was associated with the firm that represented the defendant, and who attended the conference at the clerk's office on September 25, 1973 for the purpose of arranging for a new date for the trial of the case, had left the firm on November 16, 1973.

Just prior to the conclusion of the plaintiff's testimony in the assessment of damages, Attorney Lazo, successor to the attorney who earlier represented the defendant and who was also associated with the firm with which the earlier defense attorney had been associated, appeared in behalf of the defendant in response to a call from the clerk. A recess was granted by the court to permit Attorney Lazo, who was unfamiliar with the case to read his file and cross-examine the plaintiff. To assist Attorney Lazo to cross-examine the plaintiff, the trial justice read from his notes the substance of the plaintiff's testimony and then continued the case for two announced purposes; "to give counsel for the defense time to prepare and present evidence on any motion to remove the default and to present evidence on the issue of damages."

Thereafter, on November 26, 1973, a motion to remove the default was heard by the court and denied.

Subsequently, the defendant filed a motion for a new trial for the purpose of preventing a miscarriage of justice because the defendant had learned, since the hearing on the motion to remove default, that his earlier attorney denied that he was notified that the case was specially assigned for trial on the date the default was imposed.

The motion for a new trial was heard on December 27, 1973 and on January 17, 1974.

The court heard conflicting evidence as to whether the date of November 19, 1973 was set by agreement of all the parties, at the conference with the clerk on September 25, 1973, or whether the clerk was to assign the case for a later date and notify the parties as to the new assignment.

In this connection it is notable that on November 19, 1973 the plaintiff appeared for trial and the defendant failed to appear although no written notice of that date was given to any of the parties.

The docket entries, which were before the court, indicate "that the case was last assigned for trial on September 25, 1973. There was no entry of the date November 19, 1973 in the 'Assigned for Trial' column. The trial list for September 25, 1973 had the name of the instant case. Beside it was the hand-written notation 'Off'."

The report indicates that "No trial list was prepared for November 19, 1973 because it is not a usual civil trial day in Newton. It is not his (the clerk's) practice to give written notice to counsel of specially assigned dates unless it is a remanded case."

At the hearing before this Division, it was agreed by all counsel that at the several hearings subsequent to November 19, 1973, the defendant was given a full opportunity to present and did present for the consideration of the court its evidence with respect to damages and liability.

## I.

The defendant contends that the denial of its motion for a new trial was error as a matter of law and relies on the provisions of G.L. c. 218, § 46 which are as follows:

"When judgment is entered by a district court upon demurrer, or upon a case stated, or when a decision is rendered in an action, except in open court, the clerk of the court shall forthwith give notice thereof to the parties or to their attorneys."

The defendant argues that "Because the evidence required a finding that no written notice of the special assignment was given to the defendant, it was not necessary to file a request for ruling."

It is true that no written notice of the date to which the case was specially assigned was given to any of the parties.

The defendant also relies on District Court Rule 3 in support of its position. *Rules of the District Courts* (1965).

This rule is as follows:

"A notice to a party required by or given in pursuance of these rules, or any statute relative to procedure not requiring a different notice, shall be in writing, and, except as otherwise permitted by Rule 8, shall be given to such party or his attorney or any of his attorneys by delivering the same personally to him or by mailing the same, postage prepaid, to

him at his business address or the address entered under Rule 8.

A certificate of the person giving the notice shall be evidence thereof.

This rule shall not apply to original process or notice to bring a party before the court."

A careful reading of this rule together with Rule 8 referred to in Rule 3 indicates that these rules cover the giving of notice by and between the parties and their attorneys and do not apply to the giving of notice by the clerk of court. We are not aware of any provision of law that refers to a certificate of the clerk with respect to the giving of any notice that he may be required to give. See *Sweeney* v. *Morey & Co., Inc.*, 279 Mass. 495, 499 (1932) where the court said, "It may be presumed that the 'notice' referred to in both statute and rule is the notice required by G.L. c. 218, § 46, to the effect that in a district court (which includes the Municipal Court of the City of Boston G.L. c. 4, § 7, Seventh, as most recenty amended by St. 1931, c. 394 § 208) 'when a decision is rendered in an action, except in open court, the clerk of the court shall forthwith give notice thereof to the parties or to their attorneys.' Neither the statute nor any rule of the Municipal Court of the City of Boston prescribes how such notices shall be given by the clerk."

The pertinent provisions of G.L. c. 231 §108 provide that any party aggrieved by any ruling on a matter of law by a single justice, may, as of right, have the ruling reported for determination by the Appellate Division when the cause is otherwise ripe for judgment, or sooner by consent of the justice hearing the same. The request for such a report shall be filed with the Clerk within five days after notice of the finding or decision.

In *Volpi* v. *Rowe*, 32 Mass. App. Dec. 53, 57 (1965) the court said, "The wording of G.L. c. 231, § 108 does not give any right to a party to appeal on a finding but only on 'a ruling on a matter of law'. The report presents no ruling requested by the defendant and, needless to say no ruling on a matter of law. At the most, the report shows only a mixed question of fact with implied applications of law. The defendant, never, by requests for rulings of law, raised any point of law for the judge to rule on. By failing to do so, we have no ruling on a matter of law raised by the report. *Sreda* v. *Kessel*, 310 Mass. 588, 589."

The report in the case before us makes no reference to the filing of any requests for ruling. It appears that none were filed and this report could be dismissed on that ground alone. However as was done in *Gurney* v. *McIntires' Dairy, Inc.*, 50 Mass. App. Dec. 46, 49 (1972) since the matter before us is one of

some consequence, we prefer to deal with it on the merits. See *Bartley* v. *Phillips*, 317 Mass. 35, 42-43 (1944).

The defendant in its brief and argument assumes that the new trial date of November 19, 1973 was not fixed in open court and that therefore notice thereof was mandated by G.L. c. 218, § 46.

However, the report discloses that the court heard conflicting evidence on whether the date was agreed to by all of the attorneys and the plaintiff at the conference with the Clerk on September 25, 1973, or whether the clerk was to arrange for an assignment and notify the parties of the new assigned date. It is implicit in the ruling of the court denying the defendant's motion for a new trial that the court adopted the testimony of the witnesses who testified on behalf of the plaintiff and found that the date of November 19, 1973 was reached by agreement of all of the parties on September 25, 1973. We are fortified in this conclusion by the fact that only the defendant failed to appear on November 19, 1973, that the plaintiff, his witnesses and his two attorneys did appear although no written notice of this date was given by the clerk to any of the interested parties. The question was one of fact for the trial judge. There was ample evidence to support his finding and we are bound by it and will not disturb it unless it was plainly wrong since he was in a superior

position to evaluate the oral testimony. *Mc-Donald* v. *Adamian,* 294 Mass. 187, 190 (1936); *Bartley* v. *Phillips,* 317 Mass. 35, 42 (1944); *Dubois* v. *Atlantic Corporation,* 322 Mass. 512, 522 (1948); *Willette* v. *Willette,* 333 Mass. 323, 324 (1955); *Cline* v. *A. A. Will Sand & Gravel Corp.,* 346 Mass. 40, 42 (1963). We cannot say that the court was plainly wrong in the light of the reported testimony of the witnesses.

We now turn to the second question raised by the defendant.

## II.

Did the court abuse its discretion in the denial of a motion for new trial?

Whether or not a motion for a new trial should be allowed generally rests in the sound discretion of the trial judge. *Perry* v. *Manufacturers National Bank,* 315 Mass. 653, 656 (1944); *Kinnear* v. *General Mills, Inc.,* 308 Mass. 344, 348 (1941); *McKin* v. *Siegel,* 256 Mass. 269 (1926). Where the disposition of a motion for a new trial is made as a matter of discretion and on requests for rulings are passed on, a request for report does not lie to the decision of the trial judge unless a clear abuse of discretion is shown. *Daddario* v. *City of Gloucester,* 329 Mass. 297, 301 (1952).

The issue presented here is whether there was an abuse of such discretion. We think not. Abuse of discretion has been defined as a view or action that no conscientious judge acting intelligently could honestly have taken. *Davis*

v. *Boston Elevated Railway,* 235 Mass. 482, 494-497 (1920). Discretion means a decision of what is just and proper in the circumstances. Only in rare cases can it be ruled that there has been an abuse of discretion amounting to error of law. *Bresnahan* v. *Proman,* 312 Mass. 97, 101-102 (1942); *Bartley* v. *Phillips,* 317 Mass. 35, 44 (1944); *Moran* v. *Pieroni, Inc.,* 326 Mass. 516, 517 (1950).

See also *Hackney* v. *Butler,* 339 Mass. 605, 609 (1959) where the court, in discussing a petition to vacate judgment which is similar in nature to a motion for new trial, said, "A petition to vacate a judgment is addressed largely but not exclusively to the discretion of the presiding judge. His action should be exercised so as to promote and not to baffle an orderly and proper administration of justice, and not to encourage carelessness, ignorance, laxity or finesse of practice in the courts." *Alpert* v. *Mercury Publishing Co.,* 272 Mass. 43, 45. "It would not be the exercise of sound judicial discretion to vacate a judgment merely to relieve a party from the consequence of intelligent or intentional carelessness or laxity in the observance of established principles on his own part or that of his attorney."

Moreover, in the case at bar the defendant was given full opportunity to present evidence with respect to damages and liability and the trial judge apparently found that there was no meritorious defense to the plaintiff's claim.

In these circumstances and on all of the evidence set forth in the report which contains all of the evidence material to the questions reported, we find no abuse of discretion and no error of law on the part of the trial judge in denying the motion for new trial. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 495-496 (1920).

Accordingly, it is ordered that the report be dismissed.

SIDNEY HEIMBERG of Brookline
    for the Plaintiff
JAMES B. DOLAN of Boston
    for the Defendant