MARY A. MITCHELL, administratrix, *vs.* NATHAN
SILVERSTEIN
(and a companion case [1]).

Suffolk.     May 4, 5, 1948. — September 15, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, & SPALDING, JJ.

*Negligence*, Motor vehicle.  *Evidence*, Inference, Failure to produce evi-
dence.  *Damages*, For tort.  *Practice, Civil*, New trial, Damages.

At a second trial of an action against the operator of a motor vehicle for
causing the death of a pedestrian, an exception to the denial of a
motion that a verdict be ordered for the defendant was overruled
where it appeared that the case was tried on substantially the same
evidence which this court had held, following the first trial, would
warrant a verdict for the plaintiff.

If the evidence introduced by a plaintiff warrants a verdict in his favor,
failure of the defendant to testify or introduce evidence to meet the
plaintiff's evidence may properly be commented upon by the plain-
tiff's counsel in his argument to the jury.

In an action for the death of a pedestrian alleged to have been struck by an
automobile, no abuse of discretion was shown in the denial of a motion
for a new trial based on the ground that damages in the maximum
amount permitted by G. L. (Ter. Ed.) c. 229, § 5, as amended by St.
1941, c. 504, § 3, were excessive.

TWO ACTIONS OF TORT.     Writs in the Superior Court
dated September 3, 1943.

Following the decision by this court reported in 320 Mass.
524, there was a second trial before *Collins*, J.

*H. S. Avery*, for the defendants.

*J. E. Angoff*, (*E. F. Cooley* with him,) for the plaintiff.

SPALDING, J.   When these cases [2] were here before (320
Mass. 524) we held that the trial judge erred in directing
verdicts for the defendants, and sustained the plaintiff's
exceptions.   The cases were subsequently retried and the

---

[1] The companion case is by the same plaintiff against William Sherman.

[2] They are two actions of tort, one against the owner (Silverstein) and the
other against the operator (Sherman) of an automobile, to recover for the
death of the plaintiff's intestate by reason of being struck by the automobile,
which was allegedly operated in a negligent manner.

jury returned verdicts for the plaintiff. The cases come here now on the defendants' exceptions to the denial of their motions for directed verdicts, to a ruling on evidence, and to certain rulings in connection with their motions for new trials.

1. The evidence at the second trial was essentially the same as that introduced at the first trial. That evidence was fully stated in our decision in 320 Mass. 524 and need not be recited here. Encouraged, apparently, by our statement in that decision that the "case is close," the defendants are now seeking to reargue the question of liability. But we are not persuaded that that decision is wrong. The defendants' motions for directed verdicts were rightly denied.

2. Neither of the defendants testified or introduced any evidence on his behalf. In arguing to the jury counsel for the plaintiff commented on the failure of the defendant Sherman to testify. [1] This comment was not improper. Of course, no inference can be drawn from the failure of a defendant to testify until "a case adversely affecting his interests . . . [has] been shown by the plaintiff." *Bishop* v. *Pastorelli*, 240 Mass. 104, 107. *Pabujian* v. *Pabujian*, 266 Mass. 403, 406. But when, as here, such evidence has been introduced, it is settled that the defendant's failure to testify may be the subject of comment. *Attorney General* v. *Pelletier*, 240 Mass. 264, 316. *Wilson* v. *Grace*, 273 Mass. 146, 152. *Murphy* v. *Moore*, 307 Mass. 163, 164–165. Wigmore on Evidence (3d ed.) § 289.

3. The defendants filed motions for new trials. Accompanying these motions were requests for rulings of law. The judge denied the motions without passing on the

---

[1] The comment was as follows: "COUNSEL FOR THE PLAINTIFF: Before I was interrupted I was going to say to you that I could summons in witnesses including the party on the other side, the party who was sued, but ordinarily, unless there is something to be gained by calling the other person or there is a feeling of a need for the particular person's testimony, we don't call them; that is only logical. The case of the plaintiff was proved, the testimony that was presented to you was such that there was no reason for us to call him. Mr. Sherman has had an awful lot to explain here; he didn't show up and explain it here. COUNSEL FOR THE DEFENDANTS: I object. Did you tell the jury the witness was available and — THE JUDGE: If they are available, I can't say they are, go ahead. COUNSEL FOR THE DEFENDANTS: Will you note my exception."

requests, subject to the exceptions of the defendants.  We treat the requests as having been denied.  *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 17.  *Kravetz* v. *Lipofsky*, 294 Mass. 80, 84.  Although the motions contained several grounds, the defendants press only those asserting that the damages were excessive.  The requests relating to this issue are set forth in the footnote. [1]  The present actions were brought to recover for death under G. L. (Ter. Ed.) c. 229, § 5, as amended by St. 1941, c. 504, § 3.  The verdict in each case was $10,000, the maximum amount allowed under the statute then applicable.  See now St. 1947, c. 506, § 1A.  Under the statute as it then read a person whose negligence or whose wilful, wanton or reckless act causes the death of another "shall be liable in damages in the sum of not less than one thousand nor more than ten thousand dollars, to be assessed with reference to the degree of his culpability or of that of his agents or servants."  The defendants argue that on the evidence the culpability of the defendants was so slight that the judge erred in permitting verdicts for the maximum amount to stand.  The assessment of damages according to the degree of culpability was for the jury.  Ordinarily such assessment presents no question of law for this court.  *Hubbard* v. *Conti*, 321 Mass. 743.  The principles which govern the trial judge in dealing with motions for new trials on the ground of excessive or inadequate damages are so familiar that it is unnecessary to restate them.  It is enough to refer to the recent decision of *Bartley* v. *Phillips*, 317 Mass. 35, 40–44, where the subject is fully discussed and numerous authorities are collected.  That decision makes it plain that in this court an award of damages must stand unless the action of the court below in permitting it to stand was an

---

[1] "1. There was no evidence warranting the jury in finding that the culpability of the defendants was in the maximum degree.  The verdicts should, therefore, be set aside and a new trial ordered.  2. All the evidence required the jury to find that if there was any culpability, it was in the minimum degree.  The verdicts in the amount of $10,000 against each defendant were, therefore, unwarranted as a matter of law and a new trial should be ordered.  3. The culpability of the defendants was not of such a degree as to warrant the jury in returning verdicts for $10,000 in each case against each defendant.  The verdicts should, therefore, be set aside and a new trial ordered."

abuse of discretion amounting to error of law. The judge might very well have come to the conclusion that the evidence did not support an award of damages in the maximum amount allowed under the statute, but we cannot say "that no conscientious judge, acting intelligently, could honestly" have arrived at a different conclusion. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 502. *Kinnear* v. *General Mills, Inc.* 308 Mass. 344, 349. *Hartmann* v. *Boston Herald-Traveler Corp., ante*, 56, 60. The action of the trial judge in denying the motions and the requests reveals no error of law.

*Exceptions overruled.*