*Northern District*

# EDITH M. DONLEY

## v.

# RALPH H. HAMMOND

## AND THE PROPRIETORS OF CEDAR GROVE CEMETERY

(July 16, 1952)

BROOKS, J. This is an action of tort in which plaintiff seeks to recover damages for trespass and wrongful entry of plaintiff's premises. The answer is general denial.

The declaration in brief sets forth that plaintiff was sole owner of a lot in a cemetery belonging to and administered by defendants. The Proprietors of Cedar Grove Cemetery; that in that lot her husband lay buried; that on April 8, 1950, defendants, The Proprietors of Cedar Grove Cemetery, by their servants and agents and defendants, R. H. Hammond, and F. W. Morrissey and L. J. Morrissey, d/b/a Morrissey Brothers, unlawfully entered said lot and interred therein a body without consent or knowledge of plaintiff; that plaintiff discovered the interment about December 15, 1950; that the body was removed January 2, 1951; that because of the unlawful interment, plaintiff suffered great mental distress.

At the trial, evidence was introduced to substantiate the declaration and that the body, which was the body of plaintiff's mother-in-law, was removed by

[13]

defendant on receipt of a letter from plaintiff's attorney. Defendant admitted that the person whose body had been thus buried in plantiff's lot, did not own a lot in the cemetery.

Plaintiff filed requests for rulings which the trial did not act upon. He found for the plaintiff in the sum of $1. There were no further findings of fact.

Failure of a judge to act on requests for rulings is equivalent to denying them. *Hetherington & Sons* v. *Wm. Firth Co.* 210 Mass. 8, 17. *Kravatz* v. *Lipofsky* 294 Mass. 80, 84, *Mitchell* v. *Silverstein* 323 Mass. 239, 241, *Wolfe* v. *Laundre* 1951 Adv. Sheets 231, 233. Since some of the requests bear on liability and the judge found for plaintiff, as he properly could, under the authority of *Donnelly* v. *Boston Catholic Cemetery Association* 146 Mass. 163, such constructive denial was not prejudicial to plaintiff and is not an issue here. There were also, however, certain requests relating to damages. These requests were as follows:

3. "The court has a right to consider the injury to the plaintiff's feelings, and is not restricted to the mere pecuniary loss or damage to plaintiff's property.

5. "He who is guilty of a wilful trespass or one characterized by gross carelessness and want of ordinary attention to the rights of another is bound to make full compensation; under such circumstances, the natural injury to the feelings of the plaintiff may be taken into consideration in trespass to real estate as well as in other actions of tort.

7. "There is no rule of law which requires the mental suffering of the plaintiff or the misconduct of the defendants, to be disregarded. The damages in such cases are enhanced, not because vindictive or exemplary damages are allowable, but because the actual injury is made greater by its wantonness."

Mental suffering is unquestionably an element of damage in cases of this sort. *Meagher* v. *Driscoll* 99 Mass. 281, *Feeley* v. *Andrews* 191 Mass. 313, *Turkowska* v. *Dielendick* 321 Mass. 754, 21 A.L.R. 2nd 487. The trial judge obviously awarded nominal damages only. Not to allow requests ##3, 5, 7, was error of law, prejudicial to plaintiff. There

[14]

should, therefore be a new trial on the question of damages. This case is sent back for new trial on damages only, after which the case is to be returned to the Appellate Division for appropriate order.

Edward H. McClune for the Plaintiff.
No brief nor argument for Defendant.