## DOMENIC T. SCANO, petitioner.

Worcester. September 22, 1958. — October 30, 1958.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Practice, Civil,* Exceptions: allowance and establishment; New trial; Damages.

The remedy by petition to establish exceptions under G. L. c. 231, § 117, is not confined to cases in which exceptions are disallowed as not conforming to the truth but is available in any case in which exceptions are disallowed. [8]

A petition to establish exceptions may be dismissed where no substantial question of law would be presented if the exceptions were established. [8]

A motion for a new trial based on the nonstatutory grounds of an award of excessive or inadequate damages may not be pressed as of right in an action in the Superior Court heard without jury. [8–9]

In an action for personal injuries heard in the Superior Court without jury in which substantial damages had been awarded to the plaintiff and there had been no evidence binding upon the defendant requiring an award of a greater amount, no abuse of discretion on the part of the trial judge appeared in his denial of the plaintff's motion for a new trial based on inadequacy of the damages awarded, and no substantial question of law would be raised by establishing an exception to the denial. [8–9]

PETITION, filed in this court on April 15, 1958, to establish exceptions in an action heard in the Superior Court by *O'Brien, J.*

*William Bernstein,* for the petitioner.

*James C. Donnelly, Jr.,* for the respondent.

WILKINS, C.J. This is a petition, brought purportedly pursuant to G. L. (Ter. Ed.) c. 231, § 117, to establish exceptions alleged to have been taken in an action of tort in which the petitioner was the plaintiff and the respondent New England Theatres, Inc., was the defendant. The action was for personal injuries received in a fall on premises of the defendant. After a trial without jury the judge made

a finding for the plaintiff and assessed damages in the sum of $1,800. The plaintiff filed (1) a motion for a new trial on the ground that the damages were inadequate and (2) requests for rulings relating to that motion. After hearing, the motion was denied. No action was taken with respect to the requests, which are to be treated as denied. *Mitchell* v. *Silverstein*, 323 Mass. 239, 240–241. The plaintiff excepted, and filed a bill of exceptions, which was disallowed "for the reason that the denial of the plaintiff's motion for a new trial involved no opinion, ruling, direction or judgment of law."

The respondent contends that G. L. (Ter. Ed.) c. 231, § 117,[1] provides a remedy only where the exceptions are disallowed for the reason that they do not conform to the truth. We think, however, that the language of the section, which is the only statute relating to the subject, is broad enough to cover any case where a bill of exceptions is disallowed irrespective of the precise form of the words used by the judge in disallowing it. See *C. F. Hovey Co., petitioner*, 254 Mass. 551, 553–554. Otherwise there might be a grievance without a remedy. We are sure that the Legislature did not so intend.

While as a general rule no inquiry into the merits of a bill of exceptions is open upon a petition to establish them, the petition may be dismissed if it is obvious that there is nothing in the exceptions if proved. *Fitch* v. *Jefferson*, 175 Mass. 56, 57. *Bishop, petitioner*, 208 Mass. 405, 407. *Koch, petitioner*, 225 Mass. 148, 150. *Commonwealth* v. *Vallarelli*, 273 Mass. 240, 247. *Graustein, petitioner*, 305 Mass. 571.

Here there is no substantial question of law. The statute relating to motions for a new trial in actions tried without

---

[1] "If the presiding justice . . . disallows or fails to sign and return the exceptions or alters any statement therein, and either party is aggrieved thereby, the truth of the exceptions presented may be established before the full court upon petition stating the grievance, and thereupon, the truth of the exceptions being established, they shall be heard, and the same proceedings taken, as if the exceptions had been duly allowed and entered. The supreme judicial court shall make rules for settling the truth of exceptions alleged and not allowed." See Rule 22 of the Rules for the Regulation of Practice before the Full Court (1952), as amended November 4, 1955. 332 Mass. 790.

jury gives but two grounds for filing such motions as of right: mistake of law and newly discovered evidence. G. L. (Ter. Ed.) c. 231, § 129. By implication, therefore, that the finding is against the evidence or the weight of the evidence is not a ground. *O'Grady* v. *Supple,* 148 Mass. 522, 523. *Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499, 502. *Nerbonne* v. *New England S.S. Co.* 288 Mass. 508, 510. In principle, excessive or inadequate damages constitute one form of a finding contrary to the weight of the evidence. "In this court as an appellate tribunal an award of damages must stand unless to make it or to permit it to stand was an abuse of discretion on the part of the court below, amounting to an error of law." *Bartley* v. *Phillips,* 317 Mass. 35, 43. There was no error of law arising for the first time in the hearing of the motion for a new trial. *Cerrato* v. *Miller,* 264 Mass. 533. *Murnane* v. *MacDonald,* 294 Mass. 372, 373. *Palma* v. *Racz,* 302 Mass. 249, 250–251. *Kinnear* v. *General Mills, Inc.* 308 Mass. 344, 349. *Hartmann* v. *Boston Herald-Traveler Corp.* 323 Mass. 56, 60–61. *Mitchell* v. *Silverstein,* 323 Mass. 239, 241–242. *Moran* v. *Pieroni, Inc.* 326 Mass. 516, 517. *Statkus* v. *Metropolitan Transit Authy.* 335 Mass. 172, 174–175. The damages which had been found were substantial and not nominal. There had been no evidence binding upon the defendant which required a finding in an amount greater than $1,800.

The trial judge's statement accompanying the disallowance of the bill was sufficiently accurate where no special circumstances appeared. See *Perry* v. *Manufacturers Natl. Bank,* 315 Mass. 653, 656.

We have not found it necessary to consider the question of the remedy expressly left open in *Bartley* v. *Phillips,* 317 Mass. 35, 39–40, "where a party is surprised by an outrageous award of damages in an action tried without jury."

*Petition dismissed.*