DANGEVILLE J. LESSARD's CASE. December 7, 1964. Decree affirmed. This is an appeal by the insurer from a final decree of the Superior Court awarding compensation to the claimant in accordance with a decision of the reviewing board which adopted the findings and decision of the single member. The single member concluded that the claimant is permanently and totally disabled within the meaning of G. L. c. 152, § 34A, "by reason of a substantial loss of function and faulty circulation in his right foot and leg due to the injuries he sustained . . . which prevent his performance of any work of a substantial nature." We cannot say that this conclusion was unwarranted by the evidence. "[R]egard must be had to the age, experience, training and capabilities of the employee." *Frennier's Case,* 318 Mass. 635, 639. Costs of appeal are to be determined by the single justice.

*Gerard L. Pellegrini* for the insurer.

*Robert J. Moran* for the claimant.

MITCHELL RUBBER PRODUCTS, INC. *vs.* HUB AUTO SUPPLY, INC. December 30, 1964. Order dismissing report affirmed. In this action of contract for the price of two shipments of automobile mats, the second of which was admittedly an unordered duplicate shipment of the first, the judge found for the plaintiff for the balance due on both shipments. The defendant was the exclusive distributor in New England of the plaintiff's products. No question of law was raised during the trial. The judge denied the defendant's motion for a new trial on the issue of damages. The Appellate Division dismissed the report. The case presents no question of law and the record shows no abuse of discretion in the denial of the motion for a new trial.

*Herbert H. Hershfang* for the defendant.

*Louis Feinstein* for the plaintiff.

STANLEY L. RUDNICK, petitioner. December 30, 1964. Exception to the dismissal of the petition overruled. This petition to establish the truth of exceptions pursuant to G. L. c. 231, § 117 (as amended through St. 1960, c. 207, § 4), was dismissed by a single justice, he "being satisfied that there is no merit to the bill of exceptions, if proved." The petitioner excepted to the dismissal of the petition. No error appears. "While as a general rule no inquiry into the merits of a bill of exceptions is open upon a petition to establish them, the petition may be dismissed if it is obvious that there is nothing in the exceptions if proved." *Scano, petitioner,* 338 Mass. 7, 8.

*Sidney M. Blumenthal* for the petitioner.

No argument or brief for the respondent.