Cowin, J.
The plaintiffs, Patricia A. Dow and William H. Dow (the Dows), were involved in an automobile accident with an ambulance driven by defendant Robert M. White (White), an employee of defendant Lifeline Ambulance Service, Inc. (Lifeline). As a result, the Dows filed this personal injury action against White and Lifeline, the owner of the ambulance. A jury trial as to damages only was held on December 7,1994 and damages in the amount of $470,000 were awarded by the jury, $420,000 to Patricia Dow and $50,000 to William Dow.
Counts V and VI of the complaint, the only counts. presently in issue, allege that Lifeline’s conduct violated G.L.c. 93A and these counts were reserved for the Court. The parties agreed that, as to these counts, only legal issues were involved. The parties filed “trial briefs” and a hearing addressing said issues was held on May 30, 1996. For purposes of these counts, the parties have submitted what is in effect an agreed statement of facts and this memorandum and order resolves the issues on the merits on the applicable legal principles.
DISCUSSION
None of the facts of this case are in dispute. The parties agree that on November 21, 1991, White, driving one of Lifetime’s ambulances, collided with an automobile containing the Dows at the intersection of Medford Street and Albion Street in Medford, Massachusetts. The defendants have conceded, for the limited purpose of the adjudication of this matter, that the accident occurred as a result of White’s negligence and that neither William nor Patricia Dow were responsible in any way. White and Lifeline have further conceded that the automobile accident was the direct and proximate cause of injuries suffered by Patricia Dow.
Not every negligent act is unfair or deceptive and thus unlawful under c. 93A. Swanson v. Bankers Life Co., 389 Mass. 345, 349 (1983). The sole basis of the plaintiffs’ c. 93A claims are the facts of the accident between their automobile and the Lifeline ambulance. There was simply nothing unfair or deceptive about that accident. It was a negligent act and no more.
The plaintiff has failed to present evidence that would bring the present action within the ambit of c. 93A. There is no support for the plaintiffs’ contention that, by enacting chapter 93A, the General Court intended to alter the law of tort governing automobile accidents. Rather, the Legislature intended chapter 93A to provide relief in a very different situation.
The Legislature originally enacted c. 93Ato improve the commercial relationship between consumers and businessmen. By requiring proper disclosure of relevant information and proscribing unfair or deceptive acts or practices, the Legislature strove to encourage more equitable behavior in the marketplace ...
Manning v. Zuckerman, 338 Mass. 8, 12 (1983).
Perceiving a distinct imbalance of power between consumers and business, the Legislature intended chapter 93A to level the commercial playing field by providing “a more equitable balance in the relationship of consumers to persons conducting business activities [Citations omitted].” Mechanics National Bank of Worcester v. Killeen, 377 Mass. 100, 112 (1979). The Legislature did not intend chapter 93A to create “new inequities or place burdens on business beyond those necessary to make required disclosures and to provide a balance of equities between [consumers and business].” Id.
Relief is not available to the plaintiffs here under chapter 93A even if they can prove that the defendants *521 violated a statute, ordinance or regulation. Were the Court to accept the plaintiffs’ argument that the violation of any Massachusetts statute or regulation automatically constitutes a violation of chapter 93A under Attorney General’s regulations at 904 Code Mass. Regs. §3.16(3),[3] chapter 93A would immediately become the preeminent law of the Commonwealth, replacing all other forms of civil liability. The advantage provided by the option of double or treble damages and awards of attorneys fees granted successful consumer plaintiffs in business situations would be granted to all plaintiffs in all situations. Without clearer indication from the Legislature that this result is desirable and just, the Court cannot engage in such a radical rewriting of Massachusetts jurisprudence. Although a literal reading of the regulation supports the plaintiffs’ contention, it is clear that such was not the intent of the regulation. Further, if it were, the regulation plainly would be invalid as extending beyond the scope of the authority the Legislature conferred upon the Attorney General. While our General Court intended Chapter 93A to be a statute of “broad impact” with far-reaching effects, Slaney v. Westwood Auto, Inc., 366 Mass. 688, 693 (1975), it does not appear to this Court that it intended c. 93A to augment every other legal or equitable remedy available to parties injured in automobile accidents.
ORDER
For the foregoing reasons, judgment is to enter for the defendants on Counts V and VI of plaintiffs’ complaint.

This section provides in pertinent part:
Without limiting the scope of any other rule, regulation or statute, an act or practice is a violation of M.G.L., Ch. 93A, Sec. 2 if: . . .
(3) it fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public’s health, safety or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide consumers of this Commonwealth protection; .. .