INFORMIX, INC. *vs.* MICHAEL W. RENNELL.

No. 94-P-1601.

Norfolk. December 13, 1995. - August 21, 1996.

Present: SMITH, LAURENCE, & LENK, JJ.

*Contract,* Employment. *Consumer Protection Act,* Employment, Trade or commerce. *Employment,* Termination.

In an action brought by an employer against a former employee, seeking injunctive relief to enforce confidentiality and noncompetition provisions in the contract of employment and alleging a violation of G. L. c. 93A, § 11, the judge erred in ordering costs and counsel fees based on a finding that the plaintiff's conduct amounted to an unfair or deceptive trade practice, where an employment agreement does not constitute "trade" or "commerce" and any claim arising out of the employment contract was therefore not actionable under G. L. c. 93A. [161-164]

CIVIL ACTION commenced in the Superior Court Department on June 4, 1993.

The case was heard by *Judith A. Cowin,* J.

*William J. LeDoux* for the defendant.

*Roger S. Davis* for the plaintiff.

LENK, J. This case arises out of alleged postemployment violations by the defendant, Rennell, of confidentiality and noncompetition provisions in a confidentiality agreement entered into with the plaintiff, Informix Inc. (Informix), his former employer, at the beginning of, and as part of, the employment relationship between them. After trial before a Superior Court judge, judgment entered enjoining Rennell from violating the agreement and awarding Informix its costs and counsel fees pursuant to G. L. c. 93A, §§ 2 and 11.[1] It is

---

[1] The complaint was brought in four counts: count one sought injunctive relief to enforce the confidentiality agreement; count two claimed breach of the confidentiality provisions of the agreement; count three alleged an unfair and deceptive trade practice under G. L. c. 93A, § 11; and count

from the award of costs and counsel fees that Rennell appeals, contending that G. L. c. 93A, §§ 2 and 11, have no application to the postemployment breach of a noncompetition agreement arising out of an employer-employee relationship. We agree with Rennell and reverse the judgment in this regard.

The trial judge found that Informix is a so-called "value-added reseller" of integrated barcode scanning systems and that its president solicited Rennell to work for Informix as vice-president of sales. After negotiation, Rennell entered into a confidentiality agreement which provides, among other things, that Rennell would preserve the confidential information of Informix and not compete with Informix in certain geographic areas for two years following termination of his employment.

After less than one year together, Informix terminated Rennell's employment and Rennell found employment in the proscribed geographic area in a sales capacity with an employer engaged in a business similar to that of Informix. The judge found that, while Rennell had not disclosed to unauthorized third parties any trade secrets, confidential information, or computer source code information, had not attempted to solicit Informix's employees from Informix, and had not appropriated or attempted to appropriate any of Informix's customer good will, Rennell had nevertheless "intentionally disregarded known contractual arrangements with Informix" by his new employment and his solicitation for his new employer of Informix's customers. The judge determined that both Rennell and Informix were engaged in the conduct of trade or commerce as defined by G. L. c. 93A. She found that Rennell's conduct was "unethical and unscrupulous and . . . had the potential to cause [Informix] substantial injury." She then concluded that Rennell had engaged in an unfair or deceptive trade practice proscribed by G. L. c. 93A, §§ 2 and 11.

It is firmly established that disputes between employers and

four sought declaratory relief concerning a separate stockholder's agreement between the parties. The case began as a jury trial as to count two only and as a jury-waived trial concerning the remaining three counts. After several days of trial, the judge directed a verdict for Rennell on count two because Informix had not proved damages. After the jury-waived trial concluded, judgment entered for Rennell on counts two and four and for Informix on counts one and three.

employees fall outside the scope of § 11. *Second Boston Corp.* v. *Smith*, 377 Mass. 918 (1979). *Manning* v. *Zuckerman*, 388 Mass. 8, 14 (1983). *Weeks* v. *Harbor Natl. Bank*, 388 Mass. 141, 144 (1983). Employment agreements between an employee and his employer do not constitute either "trade" or "commerce." "[D]isputes arising from an employment relationship between an employee and the organization that employs him . . . are not covered by the c. 93A remedies afforded in commercial transactions. . . . Contract disputes between an employer and an employee . . . are principally 'private in nature' and do not occur in the ordinary 'conduct of any trade or business' as contemplated by the statute." *Manning, supra* at 14.

The contractual undertakings here were entered into as part of the employment relationship between Rennell and Informix. Had Rennell violated the agreement while still employed by Informix, Informix would indisputably have no claim against Rennell under c. 93A, § 11. The parties' subsequent dispute as to whether Rennell had violated those contractual undertakings arose from the very same employment relationship between Rennell and Informix. It is without consequence that Rennell was no longer Informix's employee when he acted in disregard of the contract.[2] *Manning* held simply that any claim arising from the employment relationship was not actionable under c. 93A; it imposed no limitation that the employment relationship be ongoing. That Informix could assert a right to control in specific respects Rennell's postemployment work activities arose from and was based solely upon the confidentiality agreement entered into as part of the employment relationship. See *Falmouth Ob-Gyn Assocs., Inc.* v. *Abisla*, 417 Mass. 176, 177 n.1 (1994); *Powderly* v. *Metrabyte Corp.*, 866 F. Supp. 39, 44 (D. Mass. 1994). Judgment for Informix on its claim under c. 93A must ac-

---

[2]Our decision in *Peggy Lawton Kitchens, Inc.* v. *Hogan*, 18 Mass. App. Ct. 937 (1984), does not control the result here. There appears to have been no written confidentiality or noncompetition agreement entered into between Hogan and Peggy Lawton Kitchens, Inc., as part of that employment arrangement. Quite apart from this, Hogan's objectionable postemployment conduct consisted of the theft of trade secrets. To the extent that such conduct was actionable under c. 93A, it was independent of and did not arise from the former employment relationship between Hogan and Peggy Lawton Kitchens, Inc.

cordingly be vacated, and judgment for the defendant shall be entered on count three of the complaint.

*So ordered.*