Doerfer, J.
On June 3, 1998, this case was scheduled for hearing[1] on the motion of defendant McLaughlin Transportation System, Inc. (“MTSI”) to dismiss Count IV of plaintiff Ronald Burgess’s (“Burgess”) complaint. That count alleges that MTSI violated G.L.c. 93A (“c. 93A”) by contacting and soliciting clients on Burgess’s customer list. As grounds for its motion, MTSI argues that Burgess cannot maintain his c. 93A action because an employment relationship existed between Burgess and MTSI. Burgess opposes the motion, arguing that the alleged violation occurred after the employment relationship was terminated.
For the following reasons, the motion is ALLOWED.
BACKGROUND
Taken as true, the facts alleged in Burgess’s complaint set forth the following.
For more than 25 years Burgess has been involved in the business of logistics support and transportation services, during which he developed a base of regular customers and accounts which used his services. Those clients included companies such as The Gillette Company, Haemonetics Corporation, Polaroid Corporation, and Hewlett-Packard Company.
On July 3, 1995, MTSI hired Burgess to manage the transportation and distribution needs of those clients. On that same day, MTSI and Burgess executed and entered into an Agreement, which included a non-compete clause. The Agreement was prepared by MTSI, and provided in pertinent part that:
. . . [Burgess] agrees not to compete or call on any account thathe secured while in the employ of MTSI for a duration of 12 months in the event his employment with MTSI is terminated by either party for any reason. In turn, MTSI agrees not to compete with [Burgess] at any of the accounts secured by [Burgess] prior to his employment with MTSI.[2]
Under the terms of this Agreement, Burgess tendered his resignation in writing to MTSI on October 17, 1997, effective October 31, 1997. However, on October 20, 1997, MTSI’s president and principal shareholder, J. Martin McLaughlin, informed Burgess that he was terminated immediately. The next day, on October 21, 1997, MTSI contacted two of Burgess’s preexisting clients, Hewlett-Packard Company and The Gillette Company.
*558 Burgess filed his four-count complaint one week later, October 28, 1997, asserting breach of contract (Count I), and a quantum meruit claim (Count II). He also sought preliminary and permanent injunctive relief (Count III), which was allowed without opposition by the court (Sikora, J.) on December 3, 1997. Count IV of Burgess’s complaint, the only count addressed in MTSI’s Rule 12(b)(6) motion, alleges violations of G.L.c. 93 §§2 and 11, based on MTSI’s “post-termination violations of the noncompete/nonsolicitation provisions of the Agreement.”
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the Court must accept as true the well pleaded factual allegations of the complaint, including exhibits attached to it and incorporated by reference, as well as any reasonable inferences which can be drawn therefrom in the plaintiffs favor. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996); Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass. 404, 407 (1995), citing Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991) (internal citations omitted). “The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Blank, 420 Mass. at 407, quoting Nader v. Citron, 372 Mass. 96, 98 (1977). Finally, when reviewing a Rule 12(b)(6) motion to dismiss, all inferences should be drawn in the plaintiffs favor, and the complaint “is to be construed so as to do substantial justice.” Ourfalian v. Aro Mfg. Co., Inc., 31 Mass.App.Ct. 294, 296 (1991).
In this case, taking all the facts as true and making all inferences in Burgess’s favor, MTSI is correct that Burgess is not entitled to relief on his c. 93A claim. In Count IV of his complaint, Burgess alleges that MTSI violated c. 93A by contacting his preexisting clients, thereby violating the noncompete clause contained within the Agreement. That Agreement, according to the plain language of Burgess’s complaint, was entered into as part of his employment contract with MTSI.
Burgess’s c. 93A claim must fail because he cannot establish an essential element of his claim: that the unfair or deceptive trade practice occurred in the conduct of “trade or commerce” as required by G.L.c. 93A §2. “Disputes arising from an employment relationship between an employee and the organization that employs him are not covered by the c. 93A remedies afforded in commercial transactions. Contract disputes between an employer and an employee are principally ‘private in nature’ and do not occur in the ordinary ‘conduct of any trade or business’ as contemplated by the statute.” Informix, Inc. v. Rennell, 41 Mass.App.Ct. 161, 163 (1996), rev. denied, 423 Mass. 1110 (1996), quoting Manning v. Zuckerman, 388 Mass. 8, 14 (1983).
Here, the Agreement and the non-compete clause it contained were executed “as part of the employment relationship between [Burgess] and [MTSI].” Informix, Inc., 41 Mass.App.Ct. at 163. The fact that MTSI violated the noncompete clause after Burgess’s termination is of no import. “The subsequent dispute as to whether [MTSI] had violated those contractual undertakings arose from the very same employment relationship between [Burgess and MTSI]. It is without consequence that [Burgess] was no longer [MTSI]’s employee when he acted in disregard of the contract.” Id. Simply put, the putative violation “arose from and was based solely upon the . .. agreement entered into as part of the employment relationship.” Id.
Burgess’s reliance on Peggy Lawton Kitchens, Inc. v. Hogan, 18 Mass.App.Ct. 937 (1984), is misplaced. In that case, no written confidentiality agreement was entered into as part of the employment arrangement, and the actionable conduct “was independent of and did not arise from the former employment relationship” between the parties. Informix, Inc., 41 Mass.App.Ct. at 163 n.2. In contrast, according to his own complaint, Burgess’s c. 93A claim is predicated upon MTSI’s violation of the non-compete clause, and the actionable conduct therefore arose out of the employment relationship.
ORDER
It is hereby ORDERED that defendant McLaughlin Transportation Systems, Inc.’s Rule 12(b)(6) Motion to Dismiss Count IV of Burgess’s complaint is ALLOWED.

 Counsel for the moving party did not appear for the scheduled hearing. While substitute counsel for the plaintiff was present, hearing was waived, and the motion will be decided on the papers.

 The Agreement was attached to the complaint, and can therefore be considered by the court in deciding MTSI’s motion. See General Motors Acceptance Corp. v. Abington Casualty Ins. Co., 413 Mass. 583, 584 (1992).