Brassard, J.
This case is before the court on defendant’s motion to dismiss Count IV of plaintiffs Complaint, alleging violation of G.L.c. 93A, the Massachusetts Consumer Protection Statute. In support of his motion, defendant Andres Heuberger (“Heuber-ger”) argues that G.L.c. 93A does not apply to claims arising from a dispute based on the employer-employee relationship. Plaintiff Harvard Translations, Inc. (“HTI”) opposes the motion, arguing that Chapter 93A applies to an employee’s post-termination disclosure of his former employer’s trade secrets.
For the following reasons, defendant’s motion to dismiss Count TV of the Complaint is ALLOWED.
BACKGROUND
From December 1991 until July 1995, Heuberger was employed by HTI, a Cambridge corporation that provides language translation services to various companies worldwide. Heuberger re-joined HTI in September, 1996 as Vice President of Operations, and later became Vice President of Sales and Marketing. In these capacities, Heuberger had access to HTI’s trade secrets and confidential information.
During his second period of employment with HTI, Heuberger entered into two employment-related agreements. On April 7, 1997, he signed an Employment Agreement governing his relationship with the company during the time of his employment and for the two years following the termination of his employment. The agreement prevented Heuberger both from competing with HTI and from misappropriating or disclosing confidential HTI information during the specified time period.
On September 9, 1998, Heuberger voluntarily resigned his employment with HTI. On that day, Heuber-ger and HTI entered into a Separation Agreement in which Heuberger agreed to be bound by the post-employment restrictions in his April 7, 1997 Employment Agreement. In consideration for Heuberger’s agreement to abide by the restrictions set forth in the Employment Agreement and for his continued work through September 25, 1998, HTI paid Heuberger an additional $7,500.
Following his departure from HTI, Heuberger formed and incorporated Foreign Exchange Translations, Inc. (“FET”), in Providence, Rhode Island, a company the plaintiff alleges is in direct competition with HTI.
DISCUSSION
Pursuant to Mass.R.Civ.P. 12(b)(6), a court should-grant a motion to dismiss only if “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” General Motors Acceptance Corp. v. Abington Casualty Ins. Co., 413 Mass. 583, 584 (1992), quoting Nader v. Citron, 372 Mass. 96, 98 (1977). For the purpose of a motion to dismiss, the factual allegations in the complaint must be treated as true, and the plaintiff is entitled to all favorable inferences that can be drawn therefrom. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991); Nader, 372 Mass. at 98.
Even accepting all of the allegations in Count IV of the plaintiffs complaint as true, the plaintiffs have failed to establish a claim upon which relief can be granted. Under Massachusetts case law, disputes between employers and employees are not actionable under c. 93A. See Manning v. Zuckerman, 338 Mass. 8, 14 (1983). In Manning, the Court held that contractual disputes between an employer and an employee constitute neither “trade” nor “commerce” within the meaning of c. 93A because such disputes “. . . are principally ‘private in nature’ and do not occur in the ordinary ‘conduct of any trade or business’ as contemplated by [c. 93A].” Id.
HTI, relying upon Peggy Lawton Kitchens, Inc. v. Hogan, et al, 18 Mass.App.Ct. 937, 940 (1984), argues that post-employment use of misappropriated trade secrets may constitute a 93A claim because the behavior does not arise out of the employment relationship. In Peggy Lawton, the Appeals Court held that the plaintiffs in that case were entitled to bring a c. 93A claim against a former employee who had stolen a secret recipe to establish a competing business. Id. *459 The Court in Peggy Lawton distinguished the case from Manning, holding that the dispute did not arise out of the employment relationship because the defendant was no longer employed by the company when he began to misappropriate the information.
In a subsequent decision, however, the Appeals Court held that c. 93A did not apply to improper post-employment use of trade secrets where the employee had signed a nondisclosure agreement with the employer prohibiting such behavior. See Informix, Inc. v. Rennell, 41 Mass.App.Ct. 161, 163 (1996), rev. denied, 423 Mass. 1110. The Court distinguished Peggy Lawton, and held that when an employee has entered into a contractual agreement giving his employer the right to control certain aspects of his post-employment behavior, a claimed violation of that agreement is based in the employer-employee relationship and is not subject to c. 93A, regardless of whether the employment is ongoing at the time of the claimed violation. Id. In Peggy Lawton, the defendant had not signed a nondisclosure agreement.
In the instant case, the dispute over Heuberger’s alleged theft and misappropriation of trade secrets from HTI is rooted in contractual agreements entered into by the parties as part of the employment relationship. Consequently, HTI may not assert a c. 93A claim. See Informix, 41 Mass.App.Ct. at 163.
HTI argues that it is entitled to maintain its c. 93A claim because its underlying claim is also based on common law and statutory prohibitions against the theft of trade secrets. See G.L.c. 93. Invocation of common law and statutory prohibitions against the theft of trade secrets does not affect the controlling principle: disputes which grow out of the employment relationship, particularly contract disputes, “are principally ‘private in nature’ and do not occur in the ordinary ‘conduct of any trade or business’ as contemplated by the statute.” Manning, 338 Mass. at 14.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion to dismiss is ALLOWED.