Sosman, J.
Defendants have moved to dismiss certain claims brought by plaintiff. The motion is allowed in part and denied in part as follows.
I.Misrepresentation
Plaintiff complains that, at the time she was offered a job at defendant Lynx Systems Developers, Inc., she was promised that she would receive a 1% equity interest in lieu of $10,000 in her first year salary. She never received the promised stock, and she contends that Lynx never intended to give her the stock. The mere fact that a party fails to honor a promise is not sufficient to show fraud or misrepresentation. However, the claim that, at the time the promise was made, the promisor already had no intent to keep that promise does make out a claim of misrepresentation. That claim is pled with sufficient particularity in the complaint.
II.G.L.c. 93A
Plaintiffs claims against defendants all stem from her employment relationship with Lynx, which would take her claims outside G.L.c. 93A. Plaintiff argues that, with respect to the alleged fraud at the time she was hired, that fraud occurred prior to the actual date of commencement of her employment and that that aspect of her claim can therefore be brought within G.L.c. 93A. Case law holding that claims arising from the employment relationship are not actionable under G.L.c. 93A “impose! ) no limitation that the employment relationship be ongoing.” Informix, Inc. v. Rennell, 41 Mass.App.Ct. 161, 163 (1996). “Theappropriate inquiry for a [G.L.c. 93A) Section 11 claim is not when the alleged misconduct took place but whether, ‘[tjaken as a whole, the allegations . . . may not be characterized fairly as arising out of an employment contract.’ ” Sargent v. Tenaska, Inc., 914 F.Sup. 722. 731 (D.Mass. 1996), affirmed, 108 F.3d 5 (1st Cir. 1997). The employee’s argument presented in Sargent is identical to that presented by plaintiff Farrington. Failure to pay an employee his or her promised compensation does not become a G.L.c. 93A claim based on the allegation that the promise was made prior to the commencement of employment. Such a dispute clearly arises out of the employment contract and is therefore not within the purview of G.L.c. 93A.
Plaintiff also argues that, because her employment compensation included the promise of stock, the claim comes within G.L.c. 93A because that statute covers the offering for sale of any “security.” G.L.c. 93A, §l(b). The fact that an employee’s compensation includes stock or stock options does not serve to avoid established jurisprudence holding that disputes arising out of the employment relationship are not covered under G.L.c. 93A. Indeed, under plaintiffs theory, employment relationships that included any of the other items listed in the §l(b) definition of “trade” or “commerce” (a definition that includes the “sale” or “distribution” of “any services” or “any property”, tangible or intangible, real, personal or mixed) would become subject to G.L.c. 93A. For example, an employee’s dispute with his employer about being provided with a company car does not come within G.L.c. 93A simply because the claim involves the employer’s “distribution” of an item of “property.” The reference to sale or distribution of any “security” as set forth in §l(b) is no different from that section’s reference to sale or distribution of “property.” The dispute about stock in this case arises from the employment relationship, and that dispute is therefore not actionable under G.L.c. 93A.
III.Intentional or negligent infliction of emotional distress
Plaintiff acknowledges that her claim against Lynx for infliction of emotional distress is barred by the exclusivity provisions of the workers’ compensation act. She contends, however, that she may pursue such a claim against the individual defendant, Douglas DeAngelis, the supervisor who allegedly perpetrated this tort. The issue whether DeAngelis’ alleged conduct did or did not arise within the course of his employment is not one that can be determined on a motion to dismiss. The denial of this motion to dismiss as to the emotional distress claims made against DeAngelis is without prejudice to a later motion for summary judgment on the issue of whether DeAngelis’ actions were taken within the scope of his own employment duties at Lynx.
IV.G.L.c. 110A, §410
Based on her claim that Lynx and DeAngelis did not intend to honor the promise of stock and that the company ultimately did not honor its promise to compensate her with stock, plaintiff seeks to bring a claim under G.L.c. 110A, §410(a)(2). The statute imposes liability for offering or selling stock “by means of any untrue statement of a material fact or any omission to state a material fact necessary, in order to make the *527 statements made, and in light of the circumstances under which they are made, not misleading.” Id.
Here, plaintiff is not complaining that she was, by way of any form of misrepresentation, induced to buy stock that she now regrets buying. To the contrary, she seeks in her complaint to enforce the alleged promise to transfer the stock to her. In this case, the sale or offer was not made “by means of’ any misrepresentation — e.g., by misrepresentations about the worth of the company or about its prospects. Rather, the offer to compensate plaintiff by way of stock was accepted by her (thus forming an alleged contract), and plaintiffs complaint is simply that that alleged contract was then breached. The added claim that defendants never intended to honor that contract (which makes out a case of fraud) does not bring the claim within §410(a)(2). “The scheme of c. 110A, geared primarily to protecting securities buyers from fraudulent representations, probably offers no remedy to one whose chief complaint is nondelivery of shares promised.” Schinkel v. Maxi-Holding, Inc., 30 Mass.App.Ct. 41, 49 (1991).
ORDER
For the foregoing reasons, Defendants’ Motion to Dismiss is ALLOWED in part and DENIED in part as follows:
(a) the motion is allowed as to plaintiffs claims for violation of G.L.c. 93A;
(b) the motion is allowed as to plaintiffs claims for violation of G.L.c. 110A, §410;
(c) the motion is allowed as to plaintiffs claims against defendant Lynx Systems Developers, Inc. for infliction of emotional distress;
(d) the motion is denied as to plaintiffs claims against defendant Douglas DeAngelis for infliction of emotional distress; and
(e) the motion is denied as to plaintiffs claims for fraud and misrepresentation.