Brassard, J.
This matter is before the court on the defendant’s motion to dismiss Count XIII of the Second Amended Complaint alleging violations of G.L.c. 93A. The defendant argues that the plaintiff is precluded from bringing a claim for relief under G.L.c. 93A because the alleged violations arise out of the defendant and plaintiffs former employment relationship. In opposition, the plaintiff contends that c. 93A applies because the defendant stole and used the trade secrets at issue unfairly and deceptively post-employment. After a hearing and careful review of the papers, the defendant’s motion to dismiss is DENIED.
BACKGROUND
The Second Amended Complaint alleges the following facts.
The plaintiff, Descartes Inc. (“Descartes”) is a Canadian corporation that provides Internet based logistics solutions. Around January 2000, the defendant, Chad Burmeister (“Burmeister”) was hired by Descartes as a Senior Accounts Manager. Because Burmeister’s position gave him access to sensitive intellectual property and confidential trade secret information, as a condition of employment, Descartes required Burmeister to sign a written agreement (“agreement”) containing non-disclosure, non-competition and non-solicitation covenants. Among other things, the agreement prohibited Burmeister from disclosing any of Descartes’ trade secrets or confidential information at any time following the termination of his employment with Descartes.
On approximately August 2, 2000, Burmeister resigned from Descartes. Shortly thereafter, and in violation of the agreement, Burmeister began working for Descartes’ leading competitor, Celarix, Inc. (“Celarix”), another defendant in this action. In this capacity, Burmeister, as well as two other former Descartes employees, disclosed Descartes’ trade secrets and confidential and proprietary information. Celarix has knowingly and willfully induced Burmeister in so doing.
Descartes filed the present action on November 2, 2000 alleging Breach of Contract (Counts I, II, and III); Intentional Interference with Contractual Relations (Counts IV, V, and VI); Breach of Fiduciary Duty (Counts VII, and VIII); Aiding and Abetting (Count IX); Civil Conspiracy (Count X); Misappropriation (Count XI); Violations of G.L.c. 93, §§42, 42A (Count XII); and Violations of G.L.c. 93A (Count XIII).[2] The Court now has before it Burmeister’s motion to dismiss Count XIII alleging violations of G.L.c. 93A.
DISCUSSION
When evaluating the sufficiency of a complaint, the court must take as true the factual allegations of the complaint, as well as any inferences which can be drawn in the plaintiffs favor. Mass.R.Civ.P. 12(b)(6), Eyal v. Helen Broadcasting Corp. 411 Mass. 426, 429 (1991), and cases cited. The complaint should not be dismissed for failure to state a claim “unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977). A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
In the present case, Burmeister argues that Count XIII must be dismissed because G.L.c. 93A is inapplicable to claims arising out of the employment relationship, regardless of whether the violation occurs during or after the employment relationship.[3] According to *318 Descartes, the 93A claim does not arise from its former employment relationship with Burmeister, but rather from what he is alleged to have obtained from others post-employment. Under these circumstances, “Burmeister stands in the same position as other Celarix employees who unlawfully received and used trade secrets.” Thus, the issue in this case is whether Descartes’ assertion that Burmeister’s obtaining trade secrets from others post-employment states a valid claim for relief under G.L.c. 93A.
It is firmly established that disputes between employers and employees are not actionable under G.L.c. 93A. See Manning v. Zuckerman, 338 Mass. 8, 14 (1983). In Manning, the Supreme Judicial Court held that the remedial provisions of G.L.c. 93A were not available to a former employee in an action against his former employer arising out of the alleged wrongful termination of his employment. The court reasoned that contractual disputes between an employer and an employee constitute neither “trade” nor “commerce” within the meaning of c. 93A because such disputes “are principally ‘private in nature’ and do not occur in the ordinary ‘conduct of any trade or business’ contemplated by c. 93A.” Id. Likewise, in Informix v. Rennell, 41 Mass.App.Ct. 161, 163, the Appeals Court held that c. 93A did not apply to improper post-employment use of trade secrets learned during the course of employment where the employee had signed a non-disclosure agreement with the employer prohibiting such behavior.
Not all disputes involving employers and employees are outside the scope of c. 93A’s applicability, however. In Peggy Lawton Kitchens, Inc., v. Hogan, 18 Mass.App.Ct. 937 (1984), the Appeals Court held that if an employee unlawfully uses trade secrets post-employment, then the employee may be held liable under c. 93A. Peggy Lawton did not squarely address the issue of when the trade secrets at issue were obtained. Rather, that case focused on when the information obtained was used in an unlawful manner. However, in Informix, 41 Mass.App.Ct. at 164 n.2, the Appeals Court clarified that its prior holding in Peggy Lawton allowing the employer’s c. 93A claim to go forward was based in part on the employee’s “objectionable postemployment conduct consist(ing) of the theft of trade secrets.”
Under Peggy Lawton, Descartes’ complaint alleging that “Burmeister is disclosing Descartes’ trade secrets and confidential proprietary information,” states an actionable 93A claim. To the extent that Burmeister unlawfully and deceptively used trade secrets which he obtained post-employment from other individuals, his actions were “independent of and did not arise from” his former employment relationship with Descartes, and thus, Burmeister may be liable for violating c. 93A.[4] Informix, 41 Mass.App.Ct. at 164, n.2; see also Augat, Inc. v. Aegis, 409 Mass. 165, 172 (1991) (competitors’ employees may be held liable under c. 93A for participating in solicitous conduct). Burmeister’s motion to dismiss is, therefore, DENIED.
ORDER
For the foregoing reasons, defendant Burmeister’s motion to dismiss is DENIED.

 On May 9, 2001, Descartes agreed to dismiss claims against Burmeister set forth in the First Amended Complaint alleging breach of the non-solicitation and non-competition agreement, tortious interference, and breach of a fiduciary duty.

 In support of their motion to dismiss, the defendants also argue that Decartes has failed to allege, as required by c. 93A, §11, that Burmeister’s trade secret violations occurred substantially in Massachusetts. That argument is without merit. In both its First and Second Amended Complaints, Descartes has clearly alleged that “the defendants’ unfair and deceptive trade practices occurred primarily and substantially in Massachusetts."

 To the extent that the Complaint alleges a Chapter 93A violation based on Burmeister's use of trade secrets learned during the course of his employment at Descartes after leaving Descartes, it fails to state a claim. See Informix, 41 Mass.App.Ct. at 163; Manning, 338 Mass. at 14.