Fabricant, Judith, J.
INTRODUCTION
This action presents the plaintiffs allegation that two of its former employees have misappropriated its trade secrets for the benefit of their new employer. Among the claims pled against the two former employees is one pursuant to G.L.c. 93A. Before the Court is the defendant Robert Carlino’s motion for judgment on the pleadings as to that claim, on the ground that the relationship between these parties is not one in trade or commerce. For the reasons that will be explained, the motion will be denied.
BACKGROUND
The plaintiffs First Amended Complaint alleges the following. Plaintiff JRB Medical Associates, Inc. (“JRB”), and defendant Professional Laboratory Systems, Inc. (“Prolabs”), are competitors in the business of selling laboratory equipment to medical professionals and facilities. Defendants John Moran and Robert *64 Carlino were sales employees of JRB. In the course of their employment, Moran and Carlino had access to confidential information of JRB, including “products, designs, plans, marketing materials, customer identities, customer lists, pricing formulae, costs, and technical data.” Although neither had access to JRB’s password protected databases of customer sales information, each was given printouts of information from the database “from time to time” “for purposes of assisting them in their sales work.”
In October of 2006, Carlino resigned his employment with JRB, saying he was going to a company in a different field. At the same time, Moran requested to extend his sales territory, and to review confidential customer information for the new areas. JRB provided him with a printout from its confidential database. Between October and January, Carlino and Moran “spoke with one another as much as several hours per day” by telephone. In January 2007, Moran resigned, saying, as Carlino had, that he was leaving the field. In response to a request to return printouts of confidential information, Moran said he had thrown them away. In fact, the complaint alleges, both Moran and Carlino went to work as independent contractors for Prolabs, using confidential information from JRB to solicit customers, and divulging such information to Pro-labs. The complaint alleges, “on information and belief,” that during the period between Carlino’s resignation and Moran’s, Carlino and Moran “were conspiring with one another and with Prolabs ... to use [JRB’s] confidential information to cause [JRB’s] customers to take their business from JRB to Pro-labs.”
On the basis of these allegations, the complaint asserts five counts: breach of loyalty/fiduciary duty, against Moran and Carlino (count I); violation of the Massachusetts Trade Secrets Act, G.L.c. 90, §42, against Moran, Carlino, and Prolabs (count II); tor-tious interference with contractual relations against all defendants (count III); civil conspiracy against all defendants (count IV); and violation of G.L.c. 93A against all defendants (count V). The c. 93A claim alleges that the defendants violated c. 93A “[b]y conspiring with one another to solicit JRB’s customers while Moran and Carlino were in the employ of JRB and thereafter (at a time when Moran and Carlino were acting as independent contractors for Prolabs),” and “[b]y obtaining and using JRB’s confidential customer list and customer pricing information.” Carlino now moves for judgment on the pleadings as to the c. 93A count against him.
DISCUSSION
General Laws c. 93A applies only to acts or practices “in the conduct of any trade or commerce.” Id., §2(a). The relationship between employer and employee is not the conduct of trade or commerce, but is, rather, purely private. See Manning v. Zuckerman, 338 Mass. 8, 14 (1983). For that reason, conduct arising from an employment relationship does not give rise to a cognizable claim under c. 93A. Id. This is so even when the conduct occurs after the employment relationship has ended, as long as the contractual or other duly alleged to have been breached arises from the employment relationship. See Informix, Inc. v. Rennell, 41 Mass.App.Ct. 161, 163 (1996).
This doctrine does not, however, immunize a former employee from all c. 93A claims brought by his former employer. In Peggy Lawton Kitchens, Inc. v. Hogan, 18 Mass.App.Ct. 937 (1984), an employee whose work did not involve access to the employer’s secret recipe obtained it by subterfuge, left the company, and used the recipe to compete with his former employer. Id. at 938. On those facts, the Appeals Court affirmed a verdict against the former employee under c. 93A, noting that the conduct forming the basis for the claim occurred when he was no longer an employee. See id. at 940. In Informix, supra, twelve years later, the Court explained the distinction, pointing out that Hogan’s post-employment “theft of trade secrets” was “independent of and did not arise from the former employment relationship.” 41 Mass.App.Ct. at 163.
Here, the allegations of the complaint, construed broadly and with all reasonable inferences drawn in favor of the plaintiff, can be read to allege that Carlino breached duties to JRB in two distinct ways: first, that he used for the benefit of Prolabs confidential information that he had obtained in the course of his employment with JRB; and second, that after his employment ceased, he conspired with Moran for Moran to obtain additional confidential information through Moran’s employment with JRB, which the two of them then used for the benefit of Prolabs. The first of these theories is indisputably based on the employment relationship; Carlino obtained the confidential information as JRB’s employee, and his duty to safeguard it arose from that role. That conduct, therefore, falls outside the scope of c. 93A. The second theory, however, is different. Once Carlino was no longer an employee of JRB, his duty to refrain from engaging in a scheme to obtain and use its confidential information arose not from his former employment relationship, but from common law and statute. His conduct in furtherance of such a scheme occurred not in his capacity as an employee of JRB, but in his subsequent capacity as a salesman for Prolabs. That context can form the basis for a cognizable claim under G.L.c. 93A.
As the complaint does state a claim against Carlino under c. 93A, the motion must be denied. The actionable claim, it should be clearly understood, is limited to Carlino’s conduct after the termination of his employment with JRB, in furtherance of a scheme to obtain and use confidential information of JRB additional to such information he had obtained in the course of his employment.
*65 CONCLUSION AND ORDER
For the reasons stated, Defendant Robert Carlino’s Motion for Judgment on the Pleadings as to Plaintiffs c. 93A count is DENIED.