Sanders, JanetL., J.
The Gillette Company (Gillette) brought this action against four former employees (collectively, the “individual defendants”) alleging that they misappropriated Gillette’s trade secrets to develop a wet shaving razor for defendant ShaveLogic, LLC (ShaveLogic). Count III of the Complaint asserts that the individual defendants violated Chapter 93A, §11. They now move to dismiss that count on the grounds that the wrongdoing alleged (the misappropriation of confidential information) grew out of their employment with Gillette and that disputes arising from such a relationship are not actionable under Chapter 93A. Manning v. Zuckerman, 388 Mass. 8, 12-15 (1983). Relying on Informix v. Rennell 41 Mass.App.Ct. 161, 162-63(1996) (Lenk, J.), the defendants argue that the fact they were no longer employees of Gillette when they made use of the confidential information is of no consequence, since there would be no wrongdoing to complain of without the confidentiality agreement that was part of their original employment relationship. This Court finds this argument to be quite persuasive.
In opposing the motion, however, Gillette relies on Specialized Technology Resources, Inc. v. JPS Elastomeric, Corp., 30 Mass.App.Ct. 841 (2011) (Greene, J.). As in the instant case, the plaintiff there alleged that the individual defendant obtained certain trade secrets during his employment with plaintiff, then in breach of a confidentiality agreement that was part of his employment contract, misappropriated that information when he went to work for the defendant JPS. Upholding the judge’s finding of liability on the 93A clam, the Appeals Court held that the former employer-employee relationship between the plaintiff and the individual defendant “does not stand as a bar” to the chapter 93A claim and that his conduct was “actionable independent of his contractual obligations.” Id. at 847. Defendants maintain that Specialized was wrongly decided and that, if confronted with the same issue, the Supreme Judicial Court would come to a contrary conclusion. This Court is inclined to agree.
To dismiss this Count in the face of binding precedent to the contrary would not be appropriate, however. This issue is best addressed on a fuller record or even after a trial on a motion for a judgment notwithstanding the verdict if that becomes necessary. Accordingly, the Motion is DENIED, without prejudice.